CITIZENS NATIONAL BANK OF BEAUMONT, Appellant,

v.

W. M. CALLAWAY et al., Appellees.

No. 8487.

Court of Civil Appeals of Texas, Beaumont.

March 6, 1980.

Rehearing Denied March 27, 1980.

Thomas G. King, Beaumont, for appellant.

Anthony G. Brocato, Beaumont, for appellees.

KEITH, Justice.

The question presented is whether an appeal lies from an order compelling arbitration and defining the issues to be determined in the proceeding. *Tex.Rev.Civ.Stat. Ann. art. 225, Sec. A (1973).*[1] We are of the opinion that such attempted appeal is from an interlocutory non-appealable order and now sustain plaintiffs' motion to dismiss the appeal.

Our factual statement is made for the purpose of placing the operative facts in perspective so that we may state our views upon the jurisdictional question, and our resume shall not in any manner affect the disposition of any disputed facts which may be presented at any later hearing.

Plaintiffs are the owners and lessors of certain land and improvements, and the defendant is the lessee thereof using such premises for its banking house. According to plaintiffs' contentions, defendant exercised its option to purchase the building and fixed its estimate of the market value in accordance with the lease contract. The plaintiffs disagreed with such valuation and demanded arbitration of the single issue— the market value of the premises. The defendant withdrew (or attempted to withdraw) the exercise of its option to purchase, declined to arbitrate, and plaintiffs filed their suit to compel arbitration.

After a full hearing, the trial court denied defendant's motion for summary judgment, denied its motion for a stay of proceedings, granted plaintiffs' motion to compel arbitration, and defined the issue to be determined by the arbitrators. Defendant gave notice of appeal, filed its appeal bond, procured an order permitting it to supersede the order compelling arbitration, and filed the record in this court. The plaintiffs immediately filed their motion to dismiss the appeal contending that this Court has

1. All statutory references are to the Texas General Arbitration Act, *Tex.Rev.Civ.Stat.Ann. art. 224, et seq. (1973).*

no jurisdiction to entertain an interlocutory appeal when such an appeal is not one authorized by statute or the rules.

It is apparent from our record that plaintiffs followed implicitly the procedures set out in *Art. 225, Sec. A*, of the Act. In essence, the defendant denied the "existence of the agreement to arbitrate", as mentioned in the statute, contending that it had not exercised its option; or, alternatively, that it had withdrawn such action. The statute commands the trial court, in such instances, to "proceed summarily to the determination of the issue so raised", and it did so. Then, pursuant to the statute, it ordered the arbitration to proceed. This was not, under any circumstances, a final judgment.

The statute provides, in *Art. 238–2, Sec. A(1)*, that an appeal may be taken from "an order denying an application to compel arbitration made under Section A of Article 225." But, there was no order denying such an application; instead, the order granted the application.

The legislative intent is clear: If the court denies arbitration, that puts an end to the matter and, if the moving party desires relief, he must perfect his appeal. Such is tantamount to a take nothing judgment in a suit for damages. On the other hand—as we have in our case, an order compelling arbitration—the court had simply taken the first step in the ultimate disposition of the dispute between the parties. The Court still has jurisdiction to modify the award (*Art. 238*) and to confirm, correct, and enforce such award under *Art. 238–1*.

We have found no statutory authority authorizing an appeal from an order compelling arbitration; and, it is obvious that none of the other subdivisions of *Art. 238–2, Sec. A*, are applicable to this case.

Plaintiffs call our attention to language appearing in *Central Texas Clarkliff, Inc. v. Simmons*, 540 S.W.2d 745, 746 (Tex.Civ.App. —Waco 1976, no writ);[2] such is clearly dictum and presents the converse of the fact structure confronting us in this case.

The general rule in Texas is that unless authorized by statute or rule, an appeal may be prosecuted only from a final judgment and that to be final a judgment must dispose of all the issues and parties in a case. *North East Independent School District v. Aldridge*, 400 S.W.2d 893, 895 (Tex.1966). See also, *4 McDonald, Texas Civil Practice § 17.03.1, at 35–37 (1971 Rev. Vol.)*; *State Bar of Texas, Appellate Procedure in Texas § 3.4, at 100–101 (2d Ed. 1979)*.

The order entered by the trial court simply required the parties to arbitrate; the questions of whether the defendant was required to arbitrate, had exercised its option in a timely manner, or had effectively withdrawn such exercise of its option have not yet been determined. These issues remain in the trial court untried and unadjudicated. The order entered is not an appealable judgment and this court has no jurisdiction over the question presented. *Wilcox v. St. Mary's University of San Antonio, Inc.*, 501 S.W.2d 875, 876 (Tex.1973). See also, *Perkins v. Springstun*, 557 S.W.2d 343, 344 (Tex.Civ.App.—Austin 1977, writ ref'd n. r. e.), and cases therein cited.

Since we have no jurisdiction to review the interlocutory order compelling arbitration, the appeal is dismissed. Our action is taken without reference to the merits of the controversy between the parties.

The appeal is dismissed.

---

2. The language quoted: "Although the order in question (denial of an application to compel arbitration) is an interlocutory one, it is expressly appealable under the provisions of Article 238–2, Vernon's Ann.Tex.Civ.St."