Robert F. BETHKE, Appellant,

v.

POLYCO, INC., Steven G. Ross and Boulay, Heutmaker, Zibell & Co., Appellees.

No. 05–86–01341–CV.

Court of Appeals of Texas, Dallas.

May 5, 1987.

Charles J. Winikates, David S. Curtis, Charles J. Winikates, Jr., Dallas, for appellant.

Frank R. Berman, Scott G. Harris, Minneapolis, Minn., Lancaster Smith, Van Shaw, Dallas, for appellees.

Before WHITHAM, BAKER and LAGARDE, JJ.

WHITHAM, Justice.

Appellant, Robert F. Bethke, appeals from an order denying an application for a temporary injunction against appellees, Polyco, Inc. and Steven G. Ross. In light of Bethke's second point of error, we treat Bethke's appeal from this order as an attempt to appeal a trial court order compelling arbitration. Bethke sought the injunction to stop the running of a fifteen-day time limit within which he was required to designate a purchase price for his shares in Polyco under the terms of a shareholders' agreement. In his first point of error, Bethke asserts that a temporary injunction was necessary to preserve the status quo. In his second point of error, Bethke complains of the trial court's order compelling arbitration of all issues between the parties pursuant to paragraph seven of the shareholders' agreement. We conclude that the trial court did not err in denying a temporary injunction. We conclude further that the trial court's order compelling arbitration is not an appealable judgment. Accordingly, we affirm the trial court's order denying application for a temporary injunction and dismiss for want of jurisdiction the appeal from the trial court's order compelling arbitration.

Bethke is a minority shareholder of Polyco. Ross owns or controls all of the remaining shares of Polyco and he is its principal executive officer. The shareholders' agreement gives Polyco the right to acquire Bethke's shares. The procedure for doing so is described in detail in paragraph seven of the shareholders' agreement. Paragraph seven is long and detailed. For content description, we utilize Bethke's summary of paragraph seven as follows:

1. Within 15 days after giving Bethke written notice of its intention to buy his stock, Polyco shall cause a public accountant using generally accepted accounting principles to determine and report to the parties (a) an amount equal to the book value of Bethke's stock at the end of the fiscal year preceeding [sic] the written notice, and (b) an amount equal to

ten times the average net earnings after taxes of Bethke's stock for the three years preceeding [sic] the written notice.

2. The two amounts thus determined, (a) and (b), shall be the range within which the purchase price for Bethke's stock would be set (the "purchase price range").

3. The purchase price for Bethke's stock shall be the low number of the purchase price range unless Bethke, within 15 days from receipt of the above accountant's report, delivered to Polyco, in writing, an amount within the purchase price range that Bethke believed is the fair market value for his stock (referred to in the contract as "shareholder's suggested value").

4. The purchase price for Bethke's stock shall be the amount chosen by him unless Polyco, within 15 days from receipt of Bethke's valuation, delivered to him, in writing, an amount within the purchase price range that Polyco believed is the fair market value for such stock.

5. If Bethke does not accept Polyco's valuation, then the question of which valuation (Bethke's or Polyco's) was closest to the fair market value of such stock, would be submitted to arbitration.

6. The purchase price for Bethke's stock would then be either his valuation or Polyco's valuation, whichever amount was determined by the arbitrators to be the closest to the fair market value of Bethke's stock.

On September 10, 1984, Polyco notified Bethke that it wished to acquire his shares. On September 28, 1984, Bethke received the accountants' report containing the values for the purchase price range. Upon receipt of the accountants' report, Bethke claimed that the book value and earnings of Polyco were understated and that he could not name a value for his shares. Thereafter, on October 5, 1984, Bethke brought this action raising issues of faulty accounting and fraud and seeking a tempo-

rary injunction as to the fifteen-day mandatory time limit within which he must respond to the accountants' report. The parties extended time limits by agreement. By order rendered December 9, 1986, the trial court denied the application for temporary injunction and further ordered that "[t]his action shall be abated and stayed against [Polyco and Ross] and all issues between [Bethke] and [Polyco and Ross] shall be resolved pursuant to paragraph 7 of the Shareholder Agreement." Thus, the trial court required that Bethke's asserted issues of faulty accounting and fraud be submitted to the arbitration process provided by paragraph seven of the shareholders' agreement. Bethke argues that the trial court construed paragraph seven too broadly and that the scope of the arbitration clause is limited to a determination of which selected share value, Bethke's or Polyco's, was closest to the fair market value of the shares.

▮ From Bethke's brief, we conclude that one of the principal issues to be determined on the merits is the scope of the arbitration provision contained in paragraph seven of the shareholders' agreement. Indeed, we fail to see how we can reach any other conclusion in light of Bethke's second and final point of error:

The District Court erred in denying [Bethke's] application for a temporary injunction and, instead, ordering the parties to submit [Bethke's] issues to arbitration for the reason that the provision for arbitration in the contract was limited and did not extend to the issues of faulty accounting and fraud.

The scope of arbitration under a contract can be troublesome. Nevertheless, the trial court must first determine whether the contract puts matters in issue to the arbitrator or leaves them for decision by the trial court. *See Local 205, United Electrical Radio & Machine Workers of America v. General Electric Co.*, 233 F.2d 85, 101 (1st Cir.1956), *aff'd*, 353 U.S. 547, 548, 77 S.Ct. 921, 922, 1 L.Ed.2d 1028 (1957). Therefore, in the present case, we conclude that the question of whether faulty accounting and fraud are within the scope of

the arbitration agreed upon in paragraph seven of the shareholders' agreement is an issue to be determined first by the trial court. We conclude further that review of the trial court's determination to compel arbitration of issues can only be had on appeal from a final judgment upon trial on the merits. An order compelling arbitration is not an appealable judgment. *See Citizens National Bank v. Callaway*, 597 S.W.2d 465, 466 (Tex.Civ.App.—Beaumont 1980, writ ref'd). Moreover, the only question before the trial court in a temporary injunction hearing is whether the applicant is entitled to preservation of the status quo of the subject matter of the suit pending trial on the merits. *Iranian Muslim Organization v. City of San Antonio*, 615 S.W.2d 202, 208 (Tex.1981). The ruling on the temporary injunction may not be used to obtain an advance ruling on the merits; the question to be decided on appeal is whether the trial court abused its discretion in granting or denying the temporary injunction. *Iranian Muslim Organization*, 615 S.W.2d at 208.

■ In the present case, we conclude that Bethke seeks to obtain our ruling on temporary injunction that would be an advance ruling on the merits of this lawsuit. We decline to make such an advance ruling on the merits under the guise of preserving the status quo. We overrule Bethke's first point of error. Of course, nothing in this opinion is to be construed as a statement of our views as to the merits of the controversy between the parties. Thus, we express no opinion as to whether faulty accounting and fraud issues are peripheral questions to be decided by the arbitrators under the provisions for arbitration contained in paragraph seven of the shareholders' agreement. Appellate resolution of these matters must await an appeal from a final judgment.

■ Next, we consider Bethke's challenge to the trial court's order compelling arbitration. The Texas General Arbitration Act provides:

Sec. A. An appeal may be taken from:
(1) An order denying an application to compel arbitration made under Section A of Article 225;
(2) An order granting an application to stay arbitration made under Section B of Article 225;
(3) An order confirming or denying confirmation of an award;
(4) An order modifying or correcting an award;
(5) An order vacating an award without directing a rehearing; or
(6) A judgment or decree entered pursuant to the provisions of this Act.
Sec. B. The appeal shall be taken in the manner and to the same extent as from orders or judgments in a civil action.
TEX.REV.CIV.STAT.ANN. art. 238–2 (Vernon 1973). The trial court ordered arbitration. There is no statute authorizing an appeal from an order compelling arbitration; and it is obvious that none of the other subdivisions of article 238–2, section A, are applicable to this case. *Citizens National Bank*, 597 S.W.2d at 466. The legislative intent is clear: If the court denies arbitration, that puts an end to the matter and, if the moving party desires relief, he must perfect his appeal. Such is tantamount to a take-nothing judgment in a suit for damages. On the other hand—as we have in our case, an order compelling arbitration—the court has simply taken the first step in the ultimate disposition of the dispute between the parties. *Citizens National Bank*, 597 S.W.2d at 466. The general rule in Texas is that unless authorized by statute or rule, an appeal may be prosecuted only from a final judgment and that to be final a judgment must dispose of all the issues and parties in a case. *Citizens National Bank*, 597 S.W.2d at 466. In the present case, the order entered by the trial court required the parties to arbitrate. The question of whether Bethke was required to arbitrate faulty accounting and fraud has not yet been finally determined by the trial court. This issue remains in the trial court untried and unadjudicated on the merits. The order entered is not an appealable judgment and this court has no jurisdiction over the question presented.

*See Citizens National Bank,* 597 S.W.2d at 466.  We overrule Bethke's second point of error.

Because we have no jurisdiction to review the interlocutory order compelling arbitration, we dismiss the appeal from the trial court's December 9, 1986 order compelling arbitration of all issues between Bethke and Polyco and Ross pursuant to paragraph seven of the shareholders' agreement between the parties dated September 8, 1976.  However, we affirm the trial court's December 9, 1986 order insofar as it denies Bethke's application for a temporary injunction.