**Norma STEWART, Petitioner,**

v.

**TEXCO NEWSPAPERS, INC., et al., Respondents.**

**No. 01–87–00049–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

July 9, 1987.

Gary L. McConnell, McConnell & Klement, P.C., Angleton, for petitioner.

David A. Anderson, Austin, John B. Beckworth, Fulbright & Jaworski, Houston, for respondents.

Before WARREN, DUGGAN and LEVY, JJ.

## OPINION

WARREN, Justice.

This is a petition for writ of error. On June 11, 1986, the trial court signed a judgment granting the respondents' third motion for sanctions and dismissing the petitioner's cause of action with prejudice, because she failed to comply with proper discovery requests and with the trial court's discovery orders.

Appellant did not prosecute an appeal from the judgment, but on December 2, 1986, she filed her petition for writ of error. The respondents have filed a motion to dismiss, alleging that this Court has no jurisdiction because the petitioner "participate[d] either in person or by [her] attorney in the actual trial of the case in the trial court...."

■ Texas appellate courts have no jurisdiction to entertain petitions for writ of error when the petitioner participated in the actual trial of the case in the trial court. *Hylton v. Bullock*, 583 S.W.2d 675, 676 (Tex.Civ.App.—Austin 1979, writ ref'd n.r.e.); *Burton v. Home Indem. Co.*, 531 S.W.2d 665, 667 (Tex.Civ.App.—El Paso 1975, writ ref'd n.r.e.). In the writ of error

context, "actual trial" means "the hearing in open court, leading up to the rendition of judgment, on the questions of law, if the case is disposed of on the questions of law, or on the questions of fact, if the final judgment is rendered on the facts." *Lawyers Lloyds v. Webb*, 137 Tex. 107, 110, 152 S.W.2d 1096, 1097 (1941).

■ The petitioner does not allege that her attorney was not present at the sanctions hearing, but notes that the record nowhere positively states that she or her attorney of record was present at the hearing. The respondents have attached to their motion to dismiss an affidavit by the judge who conducted the hearing. The judge's affidavit certifies that the petitioner's counsel, Howard Nations, fully participated in the hearing in the trial court that resulted in the judgment being entered. Appellate courts may receive affidavits to determine questions of jurisdiction if the facts are not otherwise apparent in the record. *Governing Bd. v. Pannill*, 561 S.W.2d 517, 521 (Tex.Civ.App.—Texarkana 1978, writ ref'd n.r.e.); Tex.Gov't Code Ann. § 22.103 (Vernon 1987); Tex.R.App.P. 19(d). Petitioner received notice that respondents had filed this affidavit, but has filed no response or controverting affidavits, as she was entitled to do under Tex.R.App.P. 19(a).

Further, there is no error apparent on the face of the record, which is an essential element of a petition for writ of error. *Brown v. McLennan County Children's Protective Serv.*, 627 S.W.2d 390 (Tex. 1982). We are of the opinion that petitioner is not entitled to maintain this writ of error; therefore, we order that it be dismissed.

■ The respondents, as part of their motion to dismiss, also seek attorney's fees and costs. The general rule, absent a contractual or statutory provision to the contrary, is that each party bears the cost of its own attorney. *Turner v. Turner*, 385 S.W.2d 230, 233 (Tex.1965). However, we have authority to assess a penalty equal to 10 times the total taxable costs as damages when a writ of error is "taken for delay and without sufficient cause." Tex.R.App.P. 84.

■ The courts of appeals interpreted the predecessor of Tex.R.App.P. 84 as prohibiting the assessment of the penalty when a case was not affirmed, but was dismissed for want of jurisdiction. *Bainbridge v. Bainbridge*, 662 S.W.2d 655, 657 (Tex.App.—Dallas 1983, no writ); *Borger Townsite v. Bernard*, 1 S.W.2d 759 (Tex. Civ.App.—Amarillo 1927, no writ). Such results were no doubt suggested by the title, "Affirmance With Damages for Delay," if not required by the language of the old rule. Tex.R.Civ.P. 438 (Vernon 1985). The new rule is simply entitled "Damages for Delay in Civil Cases," and nowhere does it require that the case be affirmed on appeal, as opposed to a dismissal or other favorable termination. Tex.R.App.P. 84. Accordingly, we hold that rule 84 may apply in an appropriate case that is dismissed for want of jurisdiction. Although there is no Texas authority on point, the Supreme Court of the United States imposed such a penalty after dismissing a case for want of jurisdiction, relying in part upon a rule that applied only to affirmance of the judgment. *Wagner Elec. Mfg. Co. v. Lyndon*, 262 U.S. 226, 232–33, 43 S.Ct. 589, 591–92, 67 L.Ed. 961 (1923).

■ Before assessing the frivolous appeal penalty, we must determine that the petitioner had no reasonable ground to believe that the judgment would be reversed, and that the appeal was not taken in good faith, but for delay only. *Sanders v. Robertson-American Corp.*, 698 S.W.2d 480, 485 (Tex.App.—Fort Worth 1985, no writ). Having participated in the proceeding below, petitioner could not have reasonably believed that this Court would accept jurisdiction over the case.

The appeal is dismissed, and petitioner is assessed a penalty in an amount equal to two times the taxable costs incurred herein. Tex.R.App.P. 84.