Joseph C. GATHE, Jr., M.D., Appellant,

v.

CIGNA HEALTHPLAN OF TEXAS, INC., Appellee.

No. A14–93–00790–CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 16, 1994.

Robert E. Lapin, Houston, for appellant.

Karl S. Stern, Andrew J. Logan, Suzan Cardwell, Ronald G. Franklin, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ELLIS, JJ.

## MAJORITY OPINION

MURPHY, Justice.

Appellant, Joseph C. Gathe, Jr., M.D., appeals from a trial court order compelling arbitration. Because we find the order compelling arbitration was an unappealable interlocutory order, we dismiss for want of jurisdiction.

Appellee operates a health maintenance organization (HMO) in Texas, which provides care to HMO subscribers through a network of doctors and health care facilities affiliated with the HMO. Appellant, a licensed physician board-certified in internal medicine and infectious disease, was a specialist health care provider affiliated with the HMO operated by appellee. In order to become a provider, appellant entered into a Specialist Provider Agreement ("the Agreement") with appellee. The Agreement provided for termination of the Agreement by either party at any time, without cause, upon 60 days' written notice to the other party. Additionally, the Agreement contained an arbitration clause.[1]

Pursuant to the Agreement, on June 2, 1993, appellee gave appellant 60 days' notice that it was terminating appellant's contract under the Agreement, effective August 2, 1993. Appellant filed suit on August 4, 1993, alleging several causes of action, including wrongful termination and intentional infliction of emotional distress. Additionally, he sought injunctive relief to prevent appellee from terminating him as a provider of care to six HMO subscribers. On August 4, 1993, the trial court entered a temporary restraining order, enjoining appellee from preventing any HMO subscriber from continuing under appellant's care. The court also set a hearing on the application for temporary injunction for August 12, 1993.

On August 12, 1993, appellee filed an Application to Compel Arbitration and Stay Civil Proceedings, after sending a letter demanding that appellant submit his claims to binding arbitration pursuant to the Agreement. The trial court held a two-day hearing, and on August 13, 1993, entered an order abating the suit and compelling the parties to "commence arbitration and mediation as set out in the contract between the parties." The order also enjoined appellee from taking any action to prevent the six patients from continuing treatment with appellant. Appellant appeals only the portion of the order requiring him to submit his claims to binding arbitration.

The public policy which favors resolution of disputes through arbitration is well-recognized by both Texas and federal courts. *See Volt Info. Sciences, Inc. v. Board of Trustees,* 489 U.S. 468, 476, 109 S.Ct. 1248, 1254, 103 L.Ed.2d 488 (1989); *McDermott Int'l, Inc. v. Underwriters at Lloyds,* 981 F.2d 744, 746 (5th Cir.1993); *Jack B. Anglin Co., Inc. v. Tipps,* 842 S.W.2d 266, 268 (Tex.1992); *Prudential Sec., Inc. v. Banales,* 860 S.W.2d 594, 596 (Tex.App.—Corpus Christi 1993, orig. proceeding); *Hearthshire Braeswood Plaza Ltd. Partnership v. Bill Kelly Co.,* 849 S.W.2d 380, 386 (Tex.App.—Houston [14th Dist.] 1993, writ denied). This policy is borne out by the existence of both the Texas and Federal arbitration statutes. The Federal Arbitration Act ("the Federal Act") provides that an arbitration clause in a contract involving commerce "shall be valid, irrevocable, and enforceable...." 9 U.S.C.A. § 2 (West Supp.1970). The Texas General Arbitration Act ("the Texas Act") provides that an arbitration clause "is valid, enforceable,

---

1. Neither party disputes that the Agreement contains the arbitration clause. The dispute centers around whether the clause applies to the claims at issue in the lawsuit, and whether appellee terminated its right to arbitration when it terminated the agreement.

and irrevocable...." TEX.REV.CIV.STAT.ANN. art. 224 (Vernon Supp.1994).

In this case, the trial court made no determination of which Act was to control the arbitration proceeding. Appellant maintains that the Texas Act applies to the arbitration clause, and appellee maintains that the Federal Act applies. However, we have no need to decide the issue of which Act applies to the ordered arbitration, because we find that the order compelling arbitration is interlocutory and unappealable under either the Texas or Federal Acts.[2]

■ Under Texas procedure, appeals may only be had from final orders or judgments which dispose of all the legal issues and parties. *Jack B. Anglin*, 842 S.W.2d at 272; *Bethke v. Polyco, Inc.*, 730 S.W.2d 431, 434 (Tex.App.—Dallas 1987, no writ); *Citizens Nat'l Bank v. Callaway*, 597 S.W.2d 465, 466 (Tex.App.—Beaumont 1980, writ ref'd). An interlocutory order may only be appealed if such an appeal is permitted by statute. *Jack B. Anglin*, 842 S.W.2d at 272; *Cherokee Water Co. v. Ross*, 698 S.W.2d 363, 365 (Tex.1985); *Batton v. Green*, 801 S.W.2d 923, 926 (Tex.App.—Dallas 1990, no writ).

■ The general Texas statute permitting appeal of interlocutory orders does not include an order compelling arbitration as one of those that may be appealed. *See* TEX.CIV. PRAC. & REM.CODE ANN. § 51.014, *amended by* Acts 1993, 73rd Leg., ch. 855, § 1, eff. Sept. 1, 1993 (current version at Vernon Supp.1994);[3] *Batton*, 801 S.W.2d at 926. Likewise, under the Texas Act, a party may only appeal from an order denying an application to compel arbitration, or an order granting an application to stay arbitration. TEX.REV.CIV.STAT.ANN. art. 238–2 (Vernon 1973). Therefore, because an order compelling arbitration under the Texas Act does not

fall within the coverage of any statute which would allow its appeal, it is an unappealable interlocutory order. *See Bethke*, 730 S.W.2d at 434 (holding an order compelling arbitration is not an appealable judgment); *and Citizens*, 597 S.W.2d at 466 (holding appellate court has no jurisdiction over an order requiring the parties to arbitrate).

Appellant has cited *Jack B. Anglin* as authority for his right to bring an appeal of the trial court's order compelling arbitration. In that case, the Texas Supreme Court stated that the Texas Act permits appeal from an interlocutory order granting a request to compel arbitration. *Jack B. Anglin*, 842 S.W.2d at 271–72. However, we find that the statement by the court is dicta. First, the case was a mandamus proceeding, not an appeal. Second, the order at issue in the case was an order *denying* the relator's application to compel arbitration. Further, we are unable to find support for the court's statement, either in the language of the Texas Act, or in the cases cited by the court, which all state that an order denying arbitration is appealable, but do not address orders compelling arbitration. Therefore, we elect not to follow the dicta in *Jack B. Anglin*, and hold that an order compelling arbitration under the Texas Act is not appealable.

■ Next, we must determine if the order compelling arbitration is appealable if the Federal Act applies. When Texas courts must decide if disputed claims fall under the scope of an arbitration clause under the Federal Act, Texas procedure controls that determination. *Jack B. Anglin*, 842 S.W.2d at 268; *Batton*, 801 S.W.2d at 930. Texas courts have consistently held that because an order under the Federal Act meets none of the statutory exceptions in Texas law, Texas does not allow interlocutory appeal from a trial court's action on a request to compel

2. We note that the arbitration clause in the Agreement states: "If the matter is submitted to arbitration, it shall be conducted in accordance with the laws of the State of Texas." This language has been found to evidence the intent of the parties that the Texas Act would apply. *American Physicians Serv. Group v. Port Lavaca Clinic Assoc.*, 843 S.W.2d 675, 678 (Tex.App.—Corpus Christi 1992, writ denied).

3. The version of Section 51.014 in place at the time this suit was brought allowed appeals from orders (1) appointing a receiver or trustee; (2) overruling a motion to vacate an order appointing a receiver or trustee; (3) certifying or refusing to certify a class in a class action suit; (4) granting or refusing a temporary injunction, or granting or overruling a motion to dissolve a temporary injunction; (5) denying a motion for summary judgment based on an assertion of official immunity.

arbitration pursuant to the Federal Act. *Jack B. Anglin,* 842 S.W.2d at 272; *Prudential Sec. Inc.,* 860 S.W.2d at 596; *Prudential–Bache Sec., Inc. v. Garza,* 848 S.W.2d 803, 806 (Tex.App.—Corpus Christi 1993, no writ); *Batton,* 801 S.W.2d at 928. We hold that the order compelling arbitration, if granted under the Federal Act, was also an unappealable interlocutory order.

It is fundamental error for an appellate court to assume jurisdiction over an interlocutory order when not expressly authorized to do so by statute. *New York Underwriters Ins. Co. v. Sanchez,* 799 S.W.2d 677, 679 (Tex.1990). Therefore, we dismiss this appeal for want of jurisdiction.

J. CURTISS BROWN, Chief Justice, dissenting.

I respectfully dissent from the majority's dismissal of appellant's appeal for want of jurisdiction. The majority finds the trial court's order compelling arbitration to be an unappealable interlocutory order. In doing so, the majority refuses to follow the Texas Supreme Court in *Jack B. Anglin Co., Inc. v. Tipps,* 842 S.W.2d 266 (Tex.1992).

In *Jack B. Anglin,* the court stated that "[b]oth the Texas and Federal Acts permit a party to appeal from an interlocutory order granting or denying a request to compel arbitration." *Id.* at 271–72. The court unequivocally construed Article 238–2(A) of the Texas Arbitration Act to provide an interlocutory appeal from a trial court's order granting arbitration. *Id.* at 272 n. 10. Given the clarity of the Texas Supreme Court on this issue, I would not would dismiss appellant's appeal for lack of jurisdiction.

In addition, I believe that appellant's claim falls outside the scope of the arbitration clause. A court deciding a motion to compel arbitration must first determine whether the parties agreed to arbitrate and, if so, the scope of their agreement. *Merrill Lynch, Pierce, Fenner v. McCollum,* 666 S.W.2d 604, 608 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e), *cert. denied,* 469 U.S. 1127, 105 S.Ct. 811, 83 L.Ed.2d 804 (1985). The dispute resolution provision containing the arbitration clause in appellant's contract limits itself to disputes arising out of the "performance or interpretation" of the agreement. Appellant's claim arises out of his alleged wrongful termination. There exists no dispute with regard to the "performance or interpretation" of any provision in the contract itself. Had appellee intended the arbitration provision to apply to disputes arising out of the termination of appellant's employment, they could have easily added such language. *See, e.g., McCollum,* 666 S.W.2d at 606 (involving an employment contract containing an arbitration clause that specifically provided for disputes arising out of the termination of the defendant's employment).

Furthermore, even if the arbitration clause is construed to be broad enough to include such employment disputes, the contract expressly terminates all contractual obligations upon the termination of agreement. In a section entitled "Rights and Obligations Upon Termination," the contract states "[u]pon termination of this Agreement for any reason, the rights of each party hereunder shall terminate. Any such termination, however, shall not release Physician or Healthplan from obligations under this Agreement prior to the effective date of termination." Because appellee waited until after the effective date of the termination to invoke the arbitration provision, appellee lost its right to arbitrate the dispute.

I, therefore, would reverse the order of the trial court compelling arbitration.