## LIPSHY MOTORCARS, INC., Appellant,

### v.

## SOVEREIGN ASSOCIATES, INC., Appellee.

### No. 05–96–02002–CV.

Court of Appeals of Texas,
Dallas.

April 22, 1997.

A.B. Conant, Jr., Raymond P. Harris, Jr., Conant, Whittenburg, Whittenburg & Schachter, Dallas, for appellant.

Michael P. Lynn, Steven H. Stodghill, M. Brett Johnson, Lynn, Stodghill, Melsheimer & Tillotson, L.L.P., Dallas, for appellee.

Before THOMAS, C.J., and HANKINSON and BRIDGES, JJ.

### OPINION

BRIDGES, Justice.

Appellee Sovereign Associates, Inc. filed a motion to dismiss Lipshy Motorcars, Inc.'s appeal of an order compelling arbitration and staying litigation and a subsequent order denying Lipshy's motion for rehearing and to stay arbitration. Concluding we do not have jurisdiction over the two interlocutory orders, we grant Sovereign's motion to dismiss. In addition to its motion to dismiss, Sovereign filed a motion for sanctions and attorneys' fees. Because we have no jurisdiction over the appeal itself, we conclude that we have no jurisdiction to entertain Sovereign's motion for sanctions and attorneys' fees as well and, accordingly, deny it.

Lipshy filed suit against Sovereign on October 11, 1996. Within a week, Sovereign filed a motion to stay litigation and to compel arbitration. Lipshy responded by filing a motion to stay arbitration. On November 11, 1996, the trial court conducted a hearing and

orally ruled in favor of Sovereign and against Lipshy. Before the trial court reduced its order to writing, however, Lipshy filed a "Motion for Rehearing, Second Motion for Stay of Arbitration, and Motion for Interpretation of Arbitration Clause." Subsequently, on November 19, 1996, the trial court reduced its ruling to writing and signed an order compelling arbitration and staying litigation. The trial court did not sign an order denying Lipshy's "Motion for Rehearing, Second Motion for Stay of Arbitration, and Motion for Interpretation of Arbitration Clause" until December 17, 1996.

■ On December 26, 1996, Lipshy filed an appeal bond in which it identified the trial court's November 19, 1996 and December 17, 1996 orders as the ones it sought to appeal. Promptly thereafter, on January 8, 1997, Sovereign filed a motion to dismiss Lipshy's interlocutory appeal for want of jurisdiction. Relying upon section 171.017 of the Texas Civil Practice and Remedies Code, Sovereign argues that Lipshy could appeal only an order denying a motion to compel arbitration or an order granting a motion to stay arbitration. See TEX.CIV.PRAC. & REM.CODE ANN. § 171.017(a)(1), (2) (Vernon Supp.1997).[1] Because the November 19, 1996 and December 17, 1996 orders do just the opposite, Sovereign concludes that they are not appealable under section 171.017.

Lipshy responds that notwithstanding the wording of section 171.017, the Texas Supreme Court has held that an order granting a motion to compel arbitration is appealable. See Jack B. Anglin Co. v. Tipps, 842 S.W.2d 266, 271–72 (Tex.1992) (orig.proceeding). At the time the supreme court decided Anglin, article 238–2 of the Texas Arbitration Act governed the appealability of interlocutory orders granting or denying motions to compel arbitration. Act of May 29, 1965, 59th Leg., R.S., ch. 689, § 1, 1965 Tex.Gen.Laws 1593, 1593, redesignated by Act of May 26, 1995, 74th Leg., R.S., ch. 588, § 1, 1995 Tex.Gen.Laws 3402, 3402 (current version at TEX.CIV.PRAC. & REM.CODE ANN. § 171.017 (Vernon Supp.1997)). The supreme court in Anglin, relying expressly upon article 238–2, wrote that a party was entitled to appeal an interlocutory order "granting or denying a request to compel arbitration." Jack B. Anglin Co., 842 S.W.2d at 271–72 n. 10. Article 238–2, however, did not authorize an interlocutory appeal of an order granting a motion to compel arbitration.[2]

Lipshy notes that one appellate court has already addressed the inconsistency between former article 238–2 and Anglin. See Gathe v. Cigna Healthplan of Tex., Inc., 879 S.W.2d 360, 362 (Tex.App.—Houston [14th Dist.] 1994, writ denied). Lipshy relies upon the

---

1. Section 171.017 provides:
 (a) An appeal may be taken from:
 (1) an order denying an application to compel arbitration made under Section 171.002(a);
 (2) an order granting an application to stay arbitration made under Section 171.002(b);
 (3) an order confirming or denying confirmation of an award;
 (4) an order modifying or correcting an award;
 (5) an order vacating an award without directing a rehearing; or
 (6) a judgment or decree entered pursuant to the provisions of this chapter.
 (b) The appeal shall be taken in the manner and to the same extent as from orders or judgments in a civil action.
 TEX.CIV.PRAC. & REM.CODE ANN. § 171.017 (Vernon Supp.1997). Section 171.017 became effective September 1, 1995. Act of May 26, 1995, 74th Leg., R.S., ch. 588, § 2, 1995 Tex.Gen.Laws 3402, 3421.

2. The Texas Arbitration Act provided:
 Article 238–2. Appeals.

Section A. An appeal may be taken from:
(1) An order denying an application to compel arbitration made under Section A of Article 225;
(2) An order granting an application to stay arbitration made under Section B of Article 225;
(3) An order confirming or denying confirmation of an award;
(4) An order modifying or correcting an award;
(5) An order vacating an award without directing a rehearing; or
(6) A judgment or decree entered pursuant to the provisions of this Act.
Section B. The appeal shall be taken in the manner and to the same extent as from orders or judgments in a civil action.
Act of May 29, 1965, 59th Leg., R.S., ch. 689, § 1, 1965 Tex.Gen.Laws 1593, 1593, redesignated by Act of May 26, 1995, 74th Leg., R.S., ch. 588, § 1, 1995 Tex.Gen.Laws 3402, 3402 (current version at TEX.CIV.PRAC. & REM.CODE ANN. § 171.017 (Vernon Supp.1997)).

dissent in *Gathe*, which argued that the supreme court in *Anglin* clearly construed article 238–2 to encompass orders granting a motion to compel arbitration. *Id.* at 363 (Brown, J., dissenting). The majority in *Gathe*, however, rejected that argument. The majority wrote that the supreme court's discussion was dicta, because the order at issue in *Anglin* was an order denying, not granting, a motion to compel arbitration. *Id.* at 362. The majority also noted that article 238–2 did not support the supreme court's statement. It, therefore, elected not to follow the dicta in *Anglin* and held that an order compelling arbitration was not appealable. *Id.*

We agree with the majority in *Gathe*. The *Anglin* discussion is dicta and, further, contradicts the very authority it cites. We decline to follow the dicta in *Anglin*.

Absent the dicta in *Anglin*, section 171.017 of the Texas Civil Practice and Remedies Code determines the scope of our jurisdiction. Section 171.017 does not authorize an interlocutory appeal of an order granting a motion to compel arbitration and stay litigation or an order denying a motion to stay arbitration. TEX.CIV.PRAC. & REM.CODE ANN. § 171.017 (Vernon Supp.1997); *see Gathe*, 879 S.W.2d at 362; *Bethke v. Polyco, Inc.*, 730 S.W.2d 431, 434 (Tex.App.—Dallas 1987, no writ). We, therefore, conclude that we have no jurisdiction over either the November 19, 1996 order or the December 17, 1996 order.[3]

Having determined that we have no jurisdiction over the appeal itself, we next address Sovereign's motion for sanctions and attorneys' fees. Sovereign maintains that Lipshy had no basis for an appeal under section 171.017 and that its reliance upon *Anglin* was unwarranted, especially in light of *Gathe*. Sovereign concludes that Lipshy

brought this appeal in bad faith in an attempt to further delay arbitration.

 Before addressing the merits of Sovereign's arguments, we first question whether we have jurisdiction to consider them in the absence of jurisdiction over the underlying appeal. When a party attempts to appeal a nonappealable interlocutory order, appellate courts have no jurisdiction except to declare the interlocutory nature of the order and to dismiss the appeal. *See Harper v. Welchem, Inc.*, 799 S.W.2d 492, 496 (Tex.App.—Houston [14th Dist.] 1990, no writ); *Yancey v. Jacob Stern & Sons, Inc.*, 564 S.W.2d 487, 488 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ). Absent jurisdiction, courts cannot sanction parties. *See Scott & White Memorial Hosp. v. Schexnider*, 940 S.W.2d 594, 40 Tex. Sup.Ct. J. 198, 199 (1996) (per curiam); *Jobe v. Lapidus*, 874 S.W.2d 764, 768 (Tex.App.—Dallas 1994, writ denied). The principles underlying these authorities suggest we have no jurisdiction to entertain Sovereign's motion.

Apart from the above authorities, rule 84 of the Texas Rules of Appellate Procedure further supports the conclusion that we have no jurisdiction to consider Sovereign's motion for sanctions and attorneys' fees. It allows us to assess damages for delay as part of our "judgment." TEX.R.APP.P. 84. This Court has consistently construed rule 84 and its predecessors as authorizing damages for delay only upon the affirmance or modification of a judgment. *See Mid–Continent Casualty Co. v. Whatley*, 742 S.W.2d 475, 479 (Tex. App.—Dallas 1987, no writ); *Bainbridge v. Bainbridge*, 662 S.W.2d 655, 657 (Tex.App.— Dallas 1983, no writ). To affirm or modify the trial court's judgment, this Court must necessarily have jurisdiction over the appeal. We note that in 1990, the supreme court modified its version of rule 84, rule 182, to delete the "as part of its judgment" require-

---

**3.** We also question the timeliness of Lipshy's appeal of the trial court's November 19, 1996 order compelling arbitration and staying litigation. Rule 41 of the Texas Rules of Appellate Procedure governs appeals after final judgments; it provides for extensions of time to perfect an appeal. TEX.R.APP.P. 41(a)(1), (2). Rule 42 governs interlocutory appeals. TEX.R.APP.P. 42. In an accelerated appeal from interlocutory orders, an appellant must file its perfecting instrument within twenty days of the date the trial court signs the order being appealed. TEX.R.APP.P. 42(a)(3). Unlike rule 41, rule 42(a)(3) does not provide for any extensions of time to perfect an interlocutory appeal. Rule 42 expressly prohibits motions for new trial. TEX.R.APP.P. 42(a)(1). To the extent Lipshy is attempting to appeal the trial court's November 19, 1996 order with a December 26, 1996 appeal bond, Lipshy's appeal bond appears to be untimely.

ment. Tex.R.App.P. 182 historical note (Vernon Supp.1996). The comment to the 1990 amendments states that the revision was intended to allow the supreme court to assess appropriate sanctions for delay "whether or not the court renders a judgment." Tex. R.App.P. 182 cmt. (Vernon Supp.1996). The supreme court did not, however, make a comparable revision to rule 84. The "as part of its judgment" requirement remains.

Some courts have addressed the merits of a motion for rule 84 sanctions notwithstanding the absence of jurisdiction over the appeal itself. *See, e.g., Elm Creek Villas Homeowner Ass'n v. Beldon Roofing & Remodeling Co.,* 940 S.W.2d 150, 155–56 (Tex. App.-San Antonio 1996, no writ) (sanctions assessed); *Owen v. Hodge,* 874 S.W.2d 301, 303–04 (Tex.App.—Houston [1st Dist.] 1994, no writ) (sanctions denied on merits). These courts, however, never questioned their jurisdiction to consider the sanctions motion. Because these courts assumed jurisdiction without analysis, we do not find them instructive.

On the other hand, one court has squarely addressed its authority under rule 84 to assess sanctions for delay notwithstanding a dismissal for want of jurisdiction; it concluded it had jurisdiction over the motion. *Stewart v. Texco Newspapers, Inc.,* 734 S.W.2d 175, 177 (Tex.App.—Houston [1st Dist.] 1987, no writ). The court in *Stewart* noted that the predecessor of rule 84, rule 438 of the Texas Rules of Civil Procedure, was captioned, "Affirmance With Damages for Delay." *Id.* Because rule 84 deleted the word "Affirmance" from its caption, it concluded an affirmance was no longer a prerequisite to assessing damages for delay. *Id.* We find this reasoning unpersuasive. The former rules of civil procedure contemplated damages for delay only in the context of a judgment. Tex.R.Civ.P. 435, 438 (Vernon 1985).[4] Rule 84, like its predecessors, is written in terms of a judgment. Tex.R.App.P. 84. We conclude that the deletion of the word "Affirmance" from the caption is immaterial.

The court in *Stewart* also relied upon an opinion by the United States Supreme Court in which it imposed damages for delay after dismissing an appeal for want of jurisdiction notwithstanding the fact that the applicable rule applied only to judgments. *Wagner Elec. Mfg. Co. v. Lyndon,* 262 U.S. 226, 232–34, 43 S.Ct. 589, 591–92, 67 L.Ed. 961 (1923). In the procedural context of that case, however, there was no substantive difference between a dismissal and an affirmance. *See id.* at 233, 43 S.Ct. at 592; *Deming v. Carlisle Packing Co.,* 226 U.S. 102, 107–09, 33 S.Ct. 80, 82–83, 57 L.Ed. 140 (1912). The Supreme Court could affirm or dismiss, and it dismissed simply because it considered that the better practice. *Deming,* 226 U.S. at 109, 33 S.Ct. at 83. The Supreme Court observed that if affirming instead of dismissing conferred greater rights, then "the duty would arise to follow that practice." *Id.* Ultimately, it concluded that because there was no substantive difference between the two, the statutory authority applicable to "judgments" applied to dismissals as well. *See id.* at 110, 33 S.Ct. at 83. Because we are not in a position to affirm the trial court's orders, and because, in the context of Lipshy's appeal, there is a substantive difference between an affirmance and a dismissal, we conclude that the court in *Stewart* misplaced its reliance on *Wagner.*

■ In conclusion, courts have jurisdiction to determine whether they have jurisdiction.

---

4. In pertinent part, rule 435 provided:

 **Rule 435. Judgment on Affirmance or Rendition**

 When a Court of Appeals affirms the judgment or decree of the court below, or proceeds to modify the judgment and to render such judgment or decree against the appellant as should have been rendered by the court below, it shall render judgment against the appellant.... The appellate court may, in its discretion, include in the judgment or decree such damages, not exceeding ten per cent on the amount of the original judgment, as it may deem proper.

 Tex.R.Civ.P. 435 (Vernon 1985).

 Rule 438 provided:

 **Rule 438. Affirmance With Damages for Delay**

 Where the court shall find that an appeal or writ of error has been taken for delay and that there was no sufficient cause for taking such appeal, then the appellant, if he be the defendant in the court below, shall pay ten per cent on the amount in dispute as damages, together with the judgment and interest and costs of suit thereon accruing.

 Tex.R.Civ.P. 438 (Vernon 1985).

*See McCauley v. Consolidated Underwriters,* 157 Tex. 475, 476–77, 304 S.W.2d 265, 265 (1957) (per curiam). Once a court determines it has no jurisdiction, however, all it can do is declare its lack of jurisdiction and dismiss. *See Harper,* 799 S.W.2d at 496; *Yancey,* 564 S.W.2d at 488. A court cannot consider a sanctions motion in a jurisdictional vacuum. *See Scott & White Memorial Hosp.,* 940 S.W.2d 594, 40 Tex. Sup.Ct. J. at 199; *Jobe,* 874 S.W.2d at 768. Having no jurisdiction over this appeal, we conclude that we have no jurisdiction to consider Sovereign's motion for sanctions and attorneys' fees. We therefore grant Sovereign's motion to dismiss and deny its motion for sanctions and attorneys' fees.