Opinion issued October 3, 2002







 


In The

Court of Appeals

For The

First District of Texas






NO. 01-02-00894-CV






EVERYONE'S DEBIT CARD, INC., Appellant


V.


FSV PAYMENT SYSTEMS, LTD., FSV INTERNATIONAL, LTD., ROBERT E.
MERRICK, MARVIN STADELI, AND ERIC MILLER, Appellees






On Appeal from the 80th District Court

Harris County, Texas

Trial Court Cause No. 0213047






O P I N I O N


 Plaintiff/Appellant, Everyone's Debit Card, Inc. ("EDC"), is attempting an
accelerated appeal from the trial court's July 30, 2002 interlocutory order granting
appellees', FSV Payment Systems, Ltd., FSV International, Ltd., Robert E. Merrick,
Marvin Stadeli, and Eric Miller's, motion to abate and compel arbitration pursuant
to the terms of the parties' "Processing Agreement" dated August 28, 2001. Notice
of appeal was timely filed August 19, 2002. Because, as discussed below, the trial
court's order granting abatement and compelling arbitration is not a final, appealable
order, we dismiss this appeal for want of jurisdiction. 

 Because the trial court's order does not dispose of all parties and issues
presented, the appeal of the interlocutory order must be recognized by statute for this
court to have jurisdiction. On appeal, we have no indication of which act, the Federal
Arbitration Act or the Texas Arbitration Act, was to control the arbitration proceeding
so we will address the issue under both acts. The Texas statute permitting appeal of
certain interlocutory orders does not condone appeals of orders compelling
arbitration. Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (Vernon 1999). Nor is
such an order appealable pursuant to the Texas Arbitration Act. Tex. Civ. Prac. &
Rem. Code Ann. § 171.017 (Vernon 1999). The Texas Arbitration Act only provides
for appeals from orders denying motions to compel arbitration or granting stays of
arbitration. Id. However, the Texas Supreme Court, in ruling on an appeal of a trial
court's order granting a request to compel arbitration, stated that the Texas
Arbitration Act permits appeal from interlocutory orders granting or denying requests
to compel arbitration. Jack B. Anglin Co., Inc. v. Tipps, 842 S.W.2d 266, 271-72
(Tex. 1992). We conclude, as have several of our sister courts, that, contrary to the
dicta in Anglin, there is no statutory authority in Texas recognizing an interlocutory
right to appeal from an order compelling arbitration. Gathe v. Cigna Healthplan of
Texas, Inc., 879 S.W.2d 360, 362 (Tex. App.--Houston [14th Dist.] 1994, writ
denied); Lipshy Motorcars, Inc. v. Sovereign Assoc., 944 S.W.2d 68, 69-70 (Tex.
App.--Dallas 1997, writ denied); and Elm Creek Villas Homeowner's Ass'n., Inc. v.
Beldon Roofing & Remodeling, Co., 940 S.W.2d 150, 154 (Tex. App.--San Antonio
1996, no writ). Furthermore, because an order compelling arbitration pursuant to the
Federal Arbitration Act meets none of the statutory exceptions in Texas law, it is an
unappealable interlocutory order. Gathe, 879 S.W.2d at 362-62. 

 Because the trial court's order does not dispose of either the parties or the
claims presented, and because no statute authorizing appeals from interlocutory
orders applies, we grant appellees' motion to dismiss and dismiss this appeal for lack
of jurisdiction. Such dismissal is without deciding the propriety of the trial court's
ruling with respect to compelling arbitration and is without prejudice to the right to
proceed to and appeal following a final disposition of the entire controversy. All
other pending motions in this appeal are overruled as moot. 

 The appeal is dismissed for want of jurisdiction. 

PER CURIAMPanel consists of Justices Taft, Alcala, and Price (1).

Do not publish. Tex. R. App. P. 47.
1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.