# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-09-00616-CV

**Russell Nichols, Appellant**

**v.**

**Linda J. Cox, Mary J. Futrell and Peggy Remmert, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT
### NO. D-1-FM-03-005444, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Appellant Russell Nichols filed his notice of interlocutory appeal on October 26, 2009, complaining of the trial court's order denying his motion to dismiss. Appellees have filed a motion to dismiss the appeal, arguing that the order in question is not one for which an interlocutory appeal is permitted. Appellant filed a response in which he contends that we should allow the appeal to proceed because his motion to dismiss complained that appellees lacked standing, which is an element of subject-matter jurisdiction. We disagree.

We generally may only exercise jurisdiction over appeals from final judgments or orders. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Certain statutes provide limited exceptions to that rule, but we must strictly construe those jurisdictional statutes and may not consider cases that do not fall within the statutory limitations on our interlocutory jurisdiction. *Gathe v. Cigna Healthplan of Tex., Inc.*, 879 S.W.2d 360, 363 (Tex. App.—Houston [14th Dist.]

1994, writ denied) (citing *New York Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 679 (Tex. 1990)) ("It is fundamental error for an appellate court to assume jurisdiction over an interlocutory order when not expressly authorized to do so by statute."). The trial court's determination that appellees have standing to bring their suit and denial of appellant's motion to dismiss is not an interlocutory order over which we may exercise jurisdiction. *See, e.g.*, Tex. R. Civ. P. Ann. 51.014 (West 2008); *see also* Tex. Fam. Code Ann. §§ 109.002, 263.405 (West 2008) (providing for appeals from *final* orders in suits affecting parent-child relationship or suits involving placement of children under care of department of protective and regulatory services). We therefore dismiss the appeal for want of jurisdiction. Tex. R. App. P. 42.3(a).

_____

David Puryear, Justice

Before Justices Patterson, Puryear and Henson

Dismissed for Want of Jurisdiction

Filed: January 22, 2010

2