TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-09-00616-CV






Russell Nichols, Appellant


v.


Linda J. Cox, Mary J. Futrell and Peggy Remmert, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT

NO. D-1-FM-03-005444, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 Appellant Russell Nichols filed his notice of interlocutory appeal on
October 26, 2009, complaining of the trial court's order denying his motion to dismiss. 
Appellees have filed a motion to dismiss the appeal, arguing that the order in question is not one for
which an interlocutory appeal is permitted. Appellant filed a response in which he contends that we
should allow the appeal to proceed because his motion to dismiss complained that appellees lacked
standing, which is an element of subject-matter jurisdiction. We disagree.

 We generally may only exercise jurisdiction over appeals from final judgments or
orders. Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001). Certain statutes provide
limited exceptions to that rule, but we must strictly construe those jurisdictional statutes and may not
consider cases that do not fall within the statutory limitations on our interlocutory jurisdiction. 
Gathe v. Cigna Healthplan of Tex., Inc., 879 S.W.2d 360, 363 (Tex. App.--Houston [14th Dist.]
1994, writ denied) (citing New York Underwriters Ins. Co. v. Sanchez, 799 S.W.2d 677, 679
(Tex. 1990)) ("It is fundamental error for an appellate court to assume jurisdiction over an
interlocutory order when not expressly authorized to do so by statute."). The trial court's
determination that appellees have standing to bring their suit and denial of appellant's motion to
dismiss is not an interlocutory order over which we may exercise jurisdiction. See, e.g., Tex. R. Civ.
P. Ann. 51.014 (West 2008); see also Tex. Fam. Code Ann. §§ 109.002, 263.405 (West 2008)
(providing for appeals from final orders in suits affecting parent-child relationship or suits involving
placement of children under care of department of protective and regulatory services). We therefore
dismiss the appeal for want of jurisdiction. Tex. R. App. P. 42.3(a). 



 __________________________________________

 David Puryear, Justice

Before Justices Patterson, Puryear and Henson

Dismissed for Want of Jurisdiction

Filed: January 22, 2010