

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-14-00036-CV

_____

FLAT WIRELESS, LLC, APPELLANT

V.

CRICKET COMMUNICATIONS, INC. AND LEAP WIRELESS INTERNATIONAL, INC.,
APPELLEES

On Appeal from the 72nd District Court
Lubbock County, Texas
Trial Court No. 2014-504,776, Honorable Ruben Gonzales Reyes, Presiding

February 24, 2014

## MEMORANDUM OPINION

Before QUINN, C.J. and CAMPBELL and HANCOCK, JJ.

Pending before us is a motion entitled "Emergency Motion for Temporary Orders and Request for Injunctive Relief." It was filed by Flat Wireless, LLC. The latter noticed its appeal from an order denying it a temporary injunction against Cricket Communications, Inc., and Leap Wireless International, Inc. The motion is denied for the following reasons.

First, upon reading the motion and response by Cricket and Leap, it appears that Flat is using the emergency motion to secure the relief denied it by the trial court. To discover that, one need only compare what we are being asked to do with how Flat describes the substance of its appeal. We are being asked to enjoin "Cricket from transferring, selling or otherwise disposing of any or all of its Common Units to Cameron Co-Investment, LLC, as proposed in Cricket's letter of February 10, 2014, pending a determination, in arbitration, of whether the purported offer by Cameron Co-Investment, LLC, is a 'bona fide offer' in accordance with Texas law." In turn, Flat describes the proceeding before us as an appeal that:

> . . . arises from the District Court's order dissolving a temporary restraining order and denying a temporary injunction to preserve the status quo of the contractual relationship between Flat and Cricket, pending arbitration of a dispute concerning the transferability of securities of the closely-held entity, Flat, to a third party, pursuant to right of first refusal restrictions on such transfers. The trial court announced its decision to deny the temporary injunction without an evidentiary hearing.

Our role in an appeal like that before us is to simply determine whether the trial court abused its discretion. *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex. 1978); *accord, Bethke v. Polyco, Inc*., 730 S.W.2d 431, 434 (Tex. App.—Dallas 1987, no writ). It is not to act in place of the trial court and grant the relief sought from the trial court without first determining whether the trial court erred.

We further note the general precept urging that temporary injunctions "may not be used to obtain an advance ruling on the merits. . . ." *Bethke v. Polyco, Inc.,* 730 S.W.2d at 434*; accord*, *Morgan Sec. Consulting, LLC v. Kaufman County,* 397 S.W.3d 248, 250 (Tex. App.—Dallas 2013, no pet.) (stating the same); *see also*, *Davis v. Huey*,

571 S.W.2d at 862 (stating that the merits of the underlying cause are not presented for appellate review). Granting Flat the full relief it seeks here could be interpreted as more than simply providing an advance ruling on the merits but rather as effectively adjudicating the merits of the appeal. Indeed, if we were to enjoin Cricket from completing the sale of Flat stock until arbitration is over then there would be no need to address, via appeal, whether the trial court abused its discretion in denying that very relief.

Second, while Flat argues that "[t]his Court may issue temporary orders to preserve the parties' rights during the appeal of an interlocutory order," the rule serves to protect our opportunity to consider and dispose of the appeal. *See Lamar Builders, Inc. v. Guardian S&L Ass'n*, 786 S.W.2d 789, 791 (Tex. App.—Houston [1st Dist.] 1990, no writ) (stating that interim relief may issue if necessary to preserve the rights of the parties until disposition of the appeal); TEX. R. APP. P. 29.3 (stating that appellate courts may issue temporary relief to preserve the parties' rights "until disposition of the appeal"). Here, though, Flat seeks to preserve the status quo while arbitration, as opposed to this appeal, progresses. No one questions the propriety of arbitration or suggests that it should not be allowed to continue. Again, we are simply asked to prevent Cricket from accepting a third-party's offer to buy shares of Flat's common stock until an arbitrator can decide whether that offer is legitimate. Once the arbitrator makes its decision and arbitration ends, there will be nothing before us left to adjudicate. This is so because the issue of whether the trial court erred in denying injunctive relief pending the conclusion of arbitration will be moot.

Third, the contractual dispute from which the purported need for a preliminary injunction arises is undergoing arbitration, and, as previously mentioned, no one questions whether that proceeding should continue. Moreover, the controlling arbitration agreement invests the arbitrator with authority to issue temporary injunctive relief pending the conclusion of arbitration.[1] So, one cannot reasonably deny that the matter before us also falls within the bailiwick of the arbitrator. This is of import since the public policy of Texas favors arbitration. *Rachal v. Reitz*, 403 S.W.3d 840, 842 (Tex. 2013). Inherent within this policy is the notion that arbitration should proceed speedily and without obstruction from the judiciary. *Feldman/Matz Interests, L.L.P. v. Settlement Capital Corp.*, 140 S.W.3d 879, 885 (Tex. App.—Houston [14th Dist.] 2004, no pet.), *quoting, Merrill Lynch, Pierce, Fenner & Smith, Inc. v. McCollum*, 666 S.W.2d 604, 608 (Tex. App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.), *cert. denied*, 469 U.S. 1127, 83 L. Ed. 2d 804, 105 S. Ct. 811 (1985). And, effectuating this policy leads us to conclude that questions pertinent to the arbitration and within the authority of the arbitrator should be decided by the arbitrator where practicable.

The foregoing seems especially pertinent here since Flat apparently requested from the arbitrator the same relief desired from us, and nothing before us indicates that the arbitrator eschewed its responsibility to undertake measures to facilitate the arbitration. So to paraphrase the words of *Feldman/Matz Interests, L.L.P. v. Settlement*

---

[1] Flat's reply again acknowledges as much when it writes:

> [T]he Agreement provides for a dispute resolution process that contemplates that 'injunctive relief until the arbitration award is rendered or the controversy is otherwise resolved' may be sought by disputing members, *from the arbitrator* and further that 'any interim or provisional relief which would include injunctive relief' that is necessary to protect the rights or property may be sought from 'any court having jurisdiction' pending the establishment of the arbitral tribunal or *pending* the arbitral tribunal's determination of the merits on the controversy. (Emphasis added).

4

*Capital Corp.*, 140 S.W.3d at 887, "the injunctive relief [sought here] … would require the court to consider [issues within the scope of the arbitration agreement] … which would interfere with the arbitrator's independent determination of the issues and frustrate the strong [Texas] policy in favor of speedy implementation of arbitration without delay and obstruction in the courts."

Accordingly, the emergency motion is denied at this time.


Per Curiam