MATERIALS EVOLUTION
DEVELOPMENT USA,
Inc., Appellant,

v.

Donald R. JABLONOWSKI; Carole T. Jablonowski; and Intercontinental Management Advisory, Inc., Appellees.

No. 04–96–00362–CV.

Court of Appeals of Texas,
San Antonio.

May 21, 1997.

---

**32**

Robert E. Golden, Charles M. Jefferson, Robert E. Golden & Associates, San Antonio, for Appellant.

John W. Able, David L. Monroe, Able & Monroe, P.C., Houston, for Appellees.

Before HARDBERGER, C.J., and LOPEZ and ANGELINI, JJ.

## OPINION

ANGELINI, Justice.

Appellant, Materials Evolution and Development USA, Inc., appeals from an order abating this cause and compelling arbitration. Appellant contends that the trial court erred in ordering the entire case to arbitration because all of the claims alleged did not arise from the contract which contains the arbitration clause upon which the trial court based its decision to compel arbitration, and because all of the parties involved did not agree to be bound by the arbitration clause. Appellee has filed a motion to dismiss this appeal for lack of jurisdiction, requesting that sanctions be imposed on appellant pursuant to TEX.R.APP. P. 84.

In January of 1993, Talis Technologies, Inc.(TTI) and International Management Advisory, Inc. (IMA) entered into a contract whereby IMA would assist TTI in developing and commercializing its technology operations for a period of five years. The contract provided that Donald Jablonowski, the sole owner of IMA, would serve as chief executive officer and chairman of the board of TTI for the duration of the contractual period. One year later, TTI transferred all of its assets, including its contract with IMA, to Materials Evolution and Development USA, Inc.(MEDUSA). Jablonowski continued to provide services to MEDUSA as its chief executive officer and chairman of the board in accordance with the contract.

In June of 1995, MEDUSA sued IMA, Jablonowski, and Jablonowski's wife for breach of contract, breach of fiduciary duty, fraud, conversion, civil conspiracy and various violations of the DTPA. MEDUSA alleged that Jablonowski diverted and misappropriated funds belonging to MEDUSA, misled other MEDUSA shareholders and directors, and misrepresented his credentials in order to gain the original contract with TTI. MEDUSA also alleged that Mrs. Jablonowski conspired with her husband in all of these activities.

IMA and the Jablonowskis filed a plea in abatement and original answer, subject to their claim that the suit should be abated and ordered to arbitration under the terms of the contract. It is undisputed that the original contract contains an arbitration clause. However, MEDUSA argued that several of its claims are separate and independent of the contract and that the Jablonowskis, in their individual capacities, are not subject to the terms of the contract. Accordingly, MEDUSA opposed the case being submitted to arbitration. Following a hearing on the matter, the trial court entered an Order on Plea in Abatement and to Compel Arbitration, in which the court abated the suit and ordered the parties to commence arbitration.

■ The first inquiry an appellate court must make in any case is whether it has jurisdiction to entertain the appeal. *McClennahan v. First Gibraltar Bank,* 791 S.W.2d 607, 608 (Tex.App.—Dallas 1990, no writ). If the court lacks jurisdiction, the appeal must be dismissed. Generally, appellate jurisdiction exists only in cases in which a final judgment has been rendered which disposes of all issues and parties in the case. *Jack B. Anglin Co., Inc. v. Tipps,* 842 S.W.2d 266, 268 (Tex.1992); *Schlipf v. Exxon Corp.,* 644 S.W.2d 453, 454 (Tex.1982). An interlocutory order is appealable only where such appeal is permitted by statute. *Cherokee Water Co. v. Ross,* 698 S.W.2d 363, 365 (Tex.1985). It is fundamental error for an appellate court to assume jurisdiction over an interlocutory appeal when it is not expressly authorized by statute. *New York Underwriters Ins. Co. v. Sanchez,* 799 S.W.2d 677, 679 (Tex.1990); *Batton v. Green,* 801 S.W.2d 923, 925 (Tex. App.—Dallas 1990, no writ).

■ The trial court's order in this case is not, by any means, final as it does not dispose of either the parties or the issues presented. Accordingly, in order for this court to have jurisdiction, the appeal of the trial court's interlocutory order must be recognized by statute. The general Texas statute permitting the appeal of certain types of interlocutory orders does not condone appeals of orders compelling arbitration. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014 (Vernon Supp.1996). Nor, is such an order included among those made appealable by the Texas Arbitration Act. *See* TEX. CIV. PRAC & REM.CODE ANN. § 171.017 (Vernon Supp. 1996).

Section 171.017 of the Arbitration Act provides that appeal may be taken from an order denying an application to compel arbitration or from an order granting an application to stay arbitration. TEX. CIV. PRAC. & REM.CODE ANN. § 171.017 (a)(1)–(2)(Vernon Supp.1996). As this court recently held in *Elm Creek Villas Homeowner Ass'n, Inc. v. Beldon Roofing & Remodeling, Co.,* 940 S.W.2d 150 (Tex.App.—San Antonio 1996, n.w.h.), the statute makes no mention of orders *compelling* arbitration. Accordingly, there is no statutory authority recognizing an interlocutory right to appeal from an order compelling arbitration. As one court has noted:

> The legislative intent is clear: If the court denies arbitration, that puts an end to the matter and, if the moving party desires relief, he must perfect his appeal. Such is tantamount to a take nothing judgment in a suit for damages. On the other hand—as we have in our case, an order compelling arbitration—the court had simply taken the first step in the ultimate disposition of the dispute between the parties.

*Citizens Nat'l Bank of Beaumont v. Callaway,* 597 S.W.2d 465, 466 (Tex.App.—Beaumont 1980, writ ref'd); *see also Elm Creek,* 940 S.W.2d at 150.

■ Because an interlocutory order may only be appealed when authorized by statute and because there is no such authority for the appeal of an order compelling arbitration, we must follow the holdings of this and other courts in concluding that an order compelling arbitration is an unappealable interlocutory order. *See Elm Creek,* 940 S.W.2d at 150 (concluding court of appeals had no jurisdiction over interlocutory order compelling arbitration); *Gathe v. Cigna Healthplan of Texas, Inc.,* 879 S.W.2d 360, 362 (Tex.App.—Houston [14th Dist.] 1994, writ denied) (holding order compelling arbitration is unappealable); *Bethke v. Polyco, Inc.,* 730 S.W.2d 431, 434 (Tex.App.—Dallas 1987, no writ) (finding court had no jurisdiction over order compelling arbitration); *McMullen v. Yates,* 697 S.W.2d 500, 501–02 (Tex.App.—San Antonio 1985, orig. proceeding)(acknowledging that order compelling arbitration not subject to judicial review); *Callaway,* 597 S.W.2d at 466 (concluding order compelling arbitration is an unappealable judgment).

■ As such, this court has no jurisdiction to consider appellant's complaints. However, because we find that appellant did not bring this appeal for the purpose of delay or without sufficient cause, we deny appellee's motion for sanctions. *See* TEX.R.APP. P. 84. The appeal is dismissed for lack of jurisdiction.