ACCEPTED
14-15-00234-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
8/4/2015 4:53:19 PM
CHRISTOPHER PRINE
CLERK

**No. 14-15-00234-CV**

---

In the Court of Appeals
For the Fourteenth District of Texas
Houston, Texas

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS

8/4/2015 4:53:19 PM

CHRISTOPHER A. PRINE
Clerk

---

Human Biostar, Inc.

Appellant

vs.

Celltex Therapeutics Corporation,

Appellee

---

Appeal from the 434th Judicial District Court of
Fort Bend County, Texas
Trial Court Cause No. 12-DCV-202563

---

**APPELLENT HUMAN BIOSTAR, INC.'S REPLY**

---

Mr. Bruce C. Tough
State Bar No. 20151500
Tough Law Firm, PLLC
819 Crossbridge Drive
Spring, Texas 77373
btough@toughlawfirm.net
telephone: (281) 681-0808
telecopier: (281) 281-0809
*Lead Counsel for Appellant*
*Human Biostar, Inc.*

Table of Contents

Table of Contents ................................................................................................. ii

Index of Authorities ............................................................................................ iii

Objection and Motion to Strike……………………………………………….2

Reply to Section I of Appellee's Brief ......................................................................3

Reply to Section II of Appellee's Brief....................................................…9

Reply to Section III of Appellee's Brief..................................................................12

Certificate of Compliance……………………………………………………16

Certificate of Service…………………………………………………………...17

Appendix………………………………………………………...ante

Index of Authorities

Cases                                                                      Page

*Blanco v. Bolanos*,
20 S.W.3d 809, 811
(Tex. App. – El Paso, 2000, no pet.)…………………………………………….. 15

*Chamber v. O'Quinn,*
242 S.W.3d 30, 31
(Tex. 2007)………………………………………………………………….3

*Circle Zebra Fabrications v. Americas Welding,*
2011 Tex. App. LEXIS 1945
(Tex. App. – Corpus Christi 2011, mandamus)……………………………….3

*City of Keller,*
168 S.W.3d 802, 810
(Tex. 2005)……………………………………………………………….8

*Croucher v. Croucher,*
660 S.W.2d 55, 58
(Tex. 1983)……………………………………………………………….8

*Elm Creek Villas Homeowner Ass'n, Inc. v. Beldon Roofing & Remodeling Co.,*
940 S.W.2d 150, 155
(Tex. App. – San Antonio 1996, no writ)……………...………………..………….4, 6

*Frontera Generation v. Mission Pipeline,*
400 S.W.3d 102, 112
(Tex. App. – Corpus Christi 2012, mandamus)……………………….................3

*General Electric Co., v. Falcon Ridge Apartments,*
811 S.W.2d 942
(Tex. 1991)………………………………………………………………..13

*Gunnerman v. Basic Capitol Mgmt.,*
106 S.W.3d 821, 824 – 25
(Tex. App. – Dallas 2003, pet. denied)…………………………………………..6

*In re Gulf Exploration, LLC*
289 S.W.3d 836, 842 & n.33
(Tex. 2009)…………………………………………………………………..3, 4

*In re LaBatt Food Serv., L.P.,*
279 S.W. 3d 640, 642 – 643……………………………………………………..7

*In re Morgan Stanley & Co.,*
293 S.W.3d 182, 189
(Tex. 2009)…………………………………………………………………………8

*In re Oakwood Mobile Homes, Inc.,*
987 S.W.2d 571, 573
(Tex. 1999) (per curiam)………………………………………………………...8

*J. M. Davidson, Inc. v. Webster,*
128 Sw3d 223, 227
(Tex. 2001)………………………………………………………………………....7

*Karagounis v. David Lopez & Assoc.,*
2003 Tex. App. LEXIS 1010, 2003 WL 203478
(Tex. App – Houston [14th Dist.] 2003, no pet.)……………………………..13

*Labidi v. Sydow,*
287 S.W.3d 922, 926
(Tex. App. – Houston [14th Dist.] 2009, mandamus)……………………….3

*Lehmann v. Har-Con Corp.,*
39 S.W. 3d 191, 195
(Tex. 2001)……………………………………………………………………….4

*Mantas v. Fifth Court of Appeals,*
925 S.W. 2d 656
(Tex. 1996)…………………………………………………………………….6, 7

*Materials Evolution Development USA v. Jablonowski,*
949 S.W. 2d 31, 32
(Tex. App. – San Antonio 1997, no writ)……………………………………..3

iv

*Perry Homes v. Cull,*
258 S.W.3d 580, 587
(Tex. 2008)………………………………………………………………………...3

*Quick v. City of Austin,*
7 S.W.3d 109, 116
(Tex. 1998)…………………………………………………………………………7

*Still v. Kilgore,*
2015 Tex. App. Lexis 2795
(Tex. App. – Tyler 2015, no pet.)…………………………………….………..14

*Twenty First Century Holdings, Inc. v. Precision Geothermal Drilling, Inc.,*
2015 Tex. App. LEXIS 4046
(Tex. App. Austin, Apr. 23, 2015)…………………………………………….4

*Will-Drill Resources, Inc. v. Samson Resources, Co.,*
352 F.3d 211
(5th Cir.)……………………………………………………………….………8

Statutes and Rules                                                Page

TEX. CIV. PRAC. & REM 171.044……………………………………….11, 12
TEX. CIV. PRAC. & REM 171.088…………………………………….….... 12
TEX.R.CIV.P. 21a………………………………………………………...15

**No. 14-15-00234-CV**

In the Court of Appeals
For the Fourteenth District of Texas
Houston, Texas

Human Biostar, Inc.

Appellant

vs.

Celltex Therapeutics Corporation,

Appellee

Appeal from the 434th Judicial District Court of
Fort Bend County, Texas
Trial Court Cause No. 12-DCV-202563

**APPELLENT HUMAN BIOSTAR, INC.'S REPLY**

Mr. Bruce C. Tough
State Bar No. 20151500
Tough Law Firm, PLLC
819 Crossbridge Drive
Spring, Texas 77373
btough@toughlawfirm.net
telephone: (281) 681-0808
telecopier: (281) 281-0809
*Lead Counsel for Appellant*
*Human Biostar, Inc.*

**TO THE HONORABLE FOURTEENTH COURT OF APPEALS:**

**OBJECTION AND MOTION TO STRIKE:**

Appellant objects to the Appellee's Brief because it responds to the Appellant K-Stemcell's Appellant's Brief, based on an ordinary appeal, and Appellant HBI's Appellant's Brief, based on a restricted appeal, in a single Appellee's Brief that treats the Appellants collectively, resulting in confusion in discerning which argument(s) and fact(s) apply to Appellant HBI for the purpose of formulating this Reply. Particularly, in Appellee's Brief, Section II, Appellee refers to portions of the record which are not reviewable for purposes of the restricted appeal because the evidence was not a part of the trial record as of February 12, 2015. These portions should be struck from the Appellee's Brief for the purpose of review of Appellant HBI's Appellant's Brief. Further, in Section II, Appellee discusses several alleged instances of notice to K-Stemcell as constituting notice to HBI, that should be struck when reviewing the Appellee's Brief in the restricted appeal of HBI. In particular, objection is made to page 6 where Appellee refers to concessions of Appellant K-Stemcell, page 7 where Appellee discusses Appellants' collective failure to introduce evidence in support of defeating a motion to confirm arbitration, page 8 where Appellee argues that K-Stemcell did not offer any evidence at the confirmation hearing and page 9 where the April 2015 hearing is discussed.

**REPLY TO SECTION I OF APPELLEE'S BRIEF:**

Appellee has failed to provide authority for its proposition, "[i]t is Black Letter law in Texas that an order granting a motion to compel arbitration is not appealable" Appellee's Brief, page 4.[1]  That proposition is incorrect.  In fact, "[o]rders compelling arbitration and staying litigation are subject to appeal after the rendition of final judgment." *Frontera Generation v. Mission Pipeline,* 400 S.W.3d 102, 112 (Tex. App. – Corpus Christi 2012, mandamus), *citing Perry Homes v. Cull,* 258 S.W.3d 580, 587 (Tex. 2008); *see also In re Gulf Exploration, LLC*, 289 S.W.3d 836, 842 & n.33 (Tex. 2009). "If a trial court compels arbitration when the parties have not agreed to it, that error can unquestionably be reviewed by final appeal. . . . Texas statutes provide for vacating an arbitration award by

---

[1] The cases that Appellee cited as authority are not dispositive because they primarily involve whether or not orders compelling arbitration are allowable *interlocutory* appeals, which Appellant concedes they are not.  In *Chamber v. O'Quinn,* 242 S.W.3d 30, 31 (Tex. 2007), the Supreme Court held that the denial of a writ of mandamus, "without comment on the merits, cannot deprive another appellate court from considering the matter in a subsequent appeal."; in *Labidi v. Sydow,* 287 S.W.3d 922, 926 (Tex. App. – Houston [14th Dist.] 2009, mandamus), this Court held that an order compelling arbitration was not subject to *interlocutory* appeal under either the federal or state schemes; in *Frontera Generation v. Mission Pipeline,* 400 S.W.3d at 112, the court again was referring to the limitations of the statutory *interlocutory* appeal scheme; in *Circle Zebra Fabrications v. Americas Welding,* 2011 Tex. App. LEXIS 1945 (Tex. App. – Corpus Christi 2011, mandamus), the court held that "[a] 'binding, final, and non-appealable' arbitral award . . . simply means the parties have agreed to relinquish their right to appeal the merits of their dispute;  it does not mean the parties relinquish their right to appeal an award resulting from an arbitrator's abuse of authority, bias, or manifest disregard of the law. [citation omitted]"); *Materials Evolution Development USA v. Jablonowski,*  949 S.W. 2d 31, 32 (Tex. App. – San Antonio 1997, no writ) involved statutory interlocutory appeals.

final appeal if the arbitrators exceeded their powers." *In re Gulf Exploration, LLC*, 289 S.W.3d at 842 & n.33.

The germane issue then is whether or not the February 12, 2015 trial court order confirming the arbitration award was a *final* order and appealable. If *yes*, then the Appellate Court has jurisdiction *now* to review the trial court's order compelling jurisdiction. If *no*, then this Court, at a minimum, must dismiss the portion of the appeal complaining of the order compelling arbitration because such order is an interlocutory order and not statutorily appealable until after a final judgment. *Elm Creek Villas Homeowner Ass'n, Inc. v. Beldon Roofing & Remodeling Co.,* 940 S.W.2d 150, 155 (Tex. App. – San Antonio 1996, no writ) ("When a party appeals from two interlocutory orders, only one of which is made appealable by statute, the proper course is to dismiss that portion which is non-appealable and to rule on the portion from which an appeal may be taken.")

The Appellee has raised this issue of the finality of the February 12, 2015 confirmation order in its Appellee's Brief on pages 3 -4. Where, as in the appeal before the Court, there has not been a trial on the merits, a judgment is final and appealable if it disposes of all parties and claims or states unequivocally that it finally disposes of all parties and claims. *Lehmann v. Har-Con Corp.,* 39 S.W. 3d 191, 195 (Tex. 2001). *Twenty First Century Holdings, Inc. v. Precision*

*Geothermal Drilling, Inc.,* 2015 Tex. App. LEXIS 4046 (Tex. App. -- Austin, Apr. 23, 2015).

In the current restricted appeal, the trial court on February 12, 2015 granted the motion to confirm the award, but also retained the case to resolve future controversies arising from the arbitration award.  1RR 21. The trial court explained that "in the normal circumstances of things, the confirmation [of the arbitration award] then would result in a dismissal which would have a thirty day appellate period and then we would have a finite end to the controversy, . . .I don't think I can dismiss it yet until – if there are unresolved conflicts concerning it." *Id.*  The "conflicts" were the new claims of breach interposed by Appellee. *Id* at 17 – 21. (Appellants' counsel argued that the new claims should be the basis of a new lawsuit. *Id.*at 17 – 18.)

The Appellee had asserted those new claims for breach of the arbitrated settlement agreement *before* the arbitration award had even been confirmed. 1 RR 18. The trial court agreed with Appellants that any obligations and deadlines to perform under the arbitrated settlement agreement did not commence to run until *after* the award had been confirmed on February 12, 2015 and, correspondingly, that the alleged omissions or acts of Appellants that were the basis of Appellee's newly-filed complaints could not have taken place prior to February 12, 2015 when the trial court confirmed the arbitration award. *Id.* at 24 – 25.  Thus, as of February

12, 2015 when the court confirmed the arbitration award, the parties and issues had been disposed of and *the new claims had not come into existence*.

If the order was not final and appealable, then, at this juncture, this Court lacks jurisdiction in this appeal to entertain any error of the trial court in compelling arbitration because it is an interlocutory appeal. And, it must dismiss those portions of the appeal complaining of that particular error until a final judgment has been rendered. *Elm Creek Villas Homeowner Ass'n, Inc. v. Beldon Roofing & Remodeling Co.,* 940 S.W.2d at 150. If, however, the February 15, 2012 order is construed as a final judgment based on the disposition of all parties and issues on that date, then the order compelling arbitration is merged into the final order confirming arbitration. *Gunnerman v. Basic Capitol Mgmt.,* 106 S.W.3d 821, 824 – 25 (Tex. App. – Dallas 2003, pet. denied) (citing Rule 25.1 and holding that appeal from final judgment encompassed earlier interlocutory orders.)

Another option appears to be abatement of the appeal to allow the trial court to render a final judgment. *Mantas v. Fifth Court of Appeals,* 925 S.W. 2d 656, (Tex. 1996). In *Mantas, supra*, in holding that the court of appeals abused its discretion by refusing to abate the appeal pending resolution of the enforcement of a settlement reached during the appellate process, the Texas Supreme Court stated that "it makes no sense for the court of appeals to expend its resources, and require the parties to expend theirs, on an appeal which may be moot. Certainly, a ruling

6

on the merits of the appeal before a judgment is rendered in the enforcement suit would inject needless uncertainty and confusion into the issues surrounding the settlement" *Id.* Unlike *Mantas,* in this Appeal, the needless uncertainty and waste of time and resources would persist even with abatement because Appellee's new claims of breach that would presumably be disposed of in any final judgment may potentially be moot in the event a final appeal resulted in a finding of error on the part of the trial court in compelling arbitration.

In the event this Court entertains jurisdiction to review the order compelling arbitration, any decision of the trial court regarding these gateway issues would be subject to *de novo* review. *In re LaBatt Food Serv., L.P.,* 279 S.W. 3d 640, 642 – 643. When reviewing error under a de novo standard, the appellate court conducts an independent analysis of the record to arrive at its own conclusions without deferring to the trial court's conclusions. *Quick v. City of Austin,* 7 S.W.3d 109, 116 (Tex. 1998). Appellant raised the material issue of the existence of the Rule 11 Settlement Agreement in its response to Appellee's motion to compel arbitration. CR 22 -24.

Although there is a strong presumption in favor of arbitration, it only arises *after* the party seeking to compel arbitration proves that a valid arbitration agreement exists. *J. M. Davidson, Inc. v. Webster,* 128 Sw3d 223, 227 (Tex. 2001). Nothing in the record indicates that the required board approval of the Rule 11

Agreement was obtained and, consequently, the Rule 11 Agreement did not come into existence nor the arbitration agreement contained within. *In re Morgan Stanley & Co.,* 293 S.W.3d 182, 189 (Tex. 2009), *citing Will-Drill Resources, Inc. v. Samson Resources, Co., 352 F.3d 211 (5ᵗʰ Cir.)* It was Appellee's burden to demonstrate that a valid agreement to arbitrate existed. *In re Oakwood* Mobile Homes, Inc., 987 S.W.2d 571, 573 (Tex. 1999) (per curiam).

Where, as here, Appellant does not have the burden of proof, the "no evidence" standard is used in a legal sufficiency challenge. *Croucher v. Croucher,* 660 S.W.2d 55, 58 (Tex. 1983). The appellate court will only sustain a no-evidence challenge if the record shows one of the following: (1) there is no evidence on the challenged element, (2) the evidence offered to prove the challenged element is no more than a scintilla, (3) the evidence establishes the opposite of the challenged element, or (4) the court is barred by law or rules of evidence from considering the only evidence offered to prove the challenged element. *City of Keller,* 168 S.W.3d 802, 810 (Tex. 2005). The Rule 11 Agreement attached to the motion to compel arbitration filed by Appellee (CR 60 – 72), indicates in paragraph 6 that board approval is required, but not that is has been obtained. Because nothing in the record indicates that board approval was obtained, the Rule 11 Agreement does not overcome the no-evidence challenge as an essential element of the Rule 11 Agreement, to wit – "acceptance" - has not been obtained.

Should this Court decide that the February 12, 2015 order granting confirmation of the arbitration award was a final order subject to final appeal, then this Court should reverse the trial court's order compelling the parties to arbitration for the reasons stated in the Appellant's Brief. If the order is found to be an interlocutory order, then Appellant concedes that the order compelling arbitration is not appealable at this time.

**REPLY TO SECTION II OF APPELLEE'S BRIEF:**

Appellant does not dispute the authority cited to by Appellee for the legal premise that every reasonable presumption must be indulged to uphold the arbitrator's decision, and none against it. As discussed below and in Appellant's Brief and Reply to Section III of Appellee's Brief, Appellant has pointed the Court to affirmative evidence that overcomes the presumption. [2]

Appellee has seriously misstated the record. On page 8, the Appellee incorrectly states that "at that [confirmation hearing on February 12, 2015], Celltex presented "conclusive" evidence that Biostar in fact did have notice of the arbitration hearing." The evidence is anything but conclusive:

> 1.     Appellee first mentions the "Award" as evidence of notice, but the Award (and other Arbitration Documents that comprise the Award, referred to in Appellant's Brief as "Arbitration Documents", collectively), affirmatively refutes the arbitrator's statements that the parties had notice;

---

[2]     Appellee also complains that "Biostar filed no response to the motion to confirm the Award" (Appellee's Brief, page 6), but the record is silent as to notice to Appellant of the motion to confirm. Appellant also did not participate in the hearing.

9

thus, overcoming any presumption of due notice. Those affirmative statements of the arbitrator and attached emails to support the statements constitute evidence in the record that may be considered by this Court in reviewing this restricted appeal. (This evidence has been discussed in Appellant's Brief, pages 29 – 35 and below. CR 65 – 69; 1 SUPP. CR 4 - 11)[3].

2.      Appellee then points to the Arbitrator's "Procedural Order No. 3" as evidence of notice to Appellant HBI, but again the affirmative statements of the arbitrator that are "factual" in nature wholly controvert the recitations of due notice that are "conclusive" in nature. 1st SUPP. CR 6 – 11. (See also footnote 3 herein).

3.      Appellee then points to the October 23, 2014 order granting Brian Antweil's notice of withdrawal as notice that the arbitration was to take place on November 17, 2014, but the order in fact states that the arbitration must commence *on or before* November 17, 2014, the inference being that the arbitration may be scheduled to start prior to November 17, 2014. It was not until the Procedural Order No. 1 was issued by the arbitrator on November 9, 2014, after the withdrawal of Mr. Antweil, that the actual time and place of the arbitration was set. 1st SUPP. CR 4 -5. (Please also see footnote 3, herein.)

4.      Finally, the email exchange between Brian Antweil and the purported co-counsel for K-Stemcell, Gee Hong, merely reflects that Gee Hong "*will* forward the court's order [granting withdrawal of Brian Antweil] to K-Stemcell HBI", not that he "has" forwarded it. 1 SUPP. CR 10 -11. The arbitrator also mischaracterizes Gee Hong's email. 1 SUPP. CR 7.  Even had

---

[3] Procedural Order Nos. 1 and 3 rebut that Appellant HBI was given notice or was served any documents. The arbitrator on November 9, 2015, over a week after the withdrawal of Brian Antweil as counsel for Appellant HBI, **first** sends notice of the actual time and place of the arbitration hearing to the parties *with the exception of Appellant HBI*. The order no. 1 states that "[t]he arbitrator has communicated by email regarding the hearing with a party indicating itself to be K-Stemcell. . . .In accordance with court order, the Arbitrator will convene a hearing on November 17, 2014, to begin at 9:00 a.m. The situs will be . . . Counsel for Celltex has filed with the Arbitrator its Arbitration Claim and Trial Brief [attached] [and] K-Stemcell and Huyconggeun Park are invited to file pre-hearing responsive pleadings on or before the close of business on November 14, 2014." 1 SUPP. CR 4.  Appellant HBI is not mentioned by the arbitrator in this order. *Id.* 1SUPP. CR 4 – 11.

Gee Hong stated that he "had forwarded" the information, the notice would still be inadequate for purposes of compliance with Texas Civil Practices & Remedies Code Section 171.044 that requires the arbitrator to give notice of the time and place of the arbitration by personal notice or certified mail, return receipt requested. The insufficiency of this email as evidence of notice is reinforced by Mr. Antweil's statement that he believed Mr. Bristow *would be* sending procedural and *scheduling information* pertinent to the arbitration to Mr. Gee. *Id.* This referenced scheduling order, Procedural Order No. 1, was dated November 9, 2014. 1 SUPP. CR 3 -5. It was not until the arbitrator issued that Procedural Order No. 1 that the scheduling information was determined to be November 17, 2014 at 9:00 a.m. at the address listed. *Id.* Thus, Mr. Antweil could not have had this information on October 24, 2014 as alluded to by the Appellee in the Appellee's Brief (page 9), nor did the trial order allowing him to withdraw provide that information other than that the hearing must start on or before November 17, 2014. Finally, the email further indicates that the subject of the email is "transitional issues for K-Stemcell", not HBI. In summary, the very evidence offered by the arbitrator to show notice to Appellant backfires as it proves quite the opposite.

Appellee further incorrectly states on page 11 of its Brief that "Biostar . . . admits the trial court's October 23, 2014 order granting Appellants' counsel's motion to withdraw, specifically provided that the granting of the motion would not delay the arbitration 'scheduled to begin on November 17, 2014.'" Appellant has never admitted quite this statement. Although seemingly minor, Appellee omits to include "*on or before"* before "November 17, 2014" when discussing the trial court's order that amended the court's original order that the arbitration must commence *on or before* October 23, 2014. CR 34 -36. This is a critical misstatement on the part of Appellee because Appellee has argued that Appellant HBI knew the place of the arbitration and the arbitration date of November 17,

11

2014 because of that order issued before the withdrawal of Brian Antweil on October 23, 2014; however, the order clearly contemplates the possibility of a date prior to November 17, 2014. Even had the order established November 17, 2014 as the date, the required notice of the time and place of the arbitration had not been issued by the arbitrator until November 9, 2014, over a week after Mr. Antweil's withdrawal as counsel for K-Stemcell Appellant HBI.

In summary, the evidence in the Arbitration Documents offered to affirmatively demonstrate notice to Appellant instead rebuts any presumption of notice to Appellant. Even, arguendo, were this Court to find that Appellant received notice, that notice did not rise to the requirement of Texas Civil Practices & Remedies Code 171.044.

**REPLY TO SECTION III OF APPELLEE'S BRIEF:**

The gist of Appellee's argument is that Appellant failed to establish error on the face of the record, a necessary component of a restricted appeal. Appellant respectfully disagrees. As stated in section II above, Appellant has shown *in the record* affirmative proof that it was *not* noticed of the arbitration hearing in any manner, much less by the method required by the Texas Civil Practices & Remedies Code Section 171.088. Appellant refers this Court to its Appellant's Brief and Section II, above, to avoid repetition as to the affirmative evidence in the

record that overcomes any presumption of notice, much less proper notice to Appellant.

Appellee cites to several cases as authority.[4] Appellee cites to *Karagounis v. David Lopez & Assoc.*, 2003 Tex. App. LEXIS 1010, 2003 WL 203478 (Tex. App – Houston [14th Dist.] 2003, no pet.) as dispositive of the proposition that an appellant claiming an absence of notice has a heavy burden to show error on the face of the record. *Id.* This case is factually distinguishable from the instant appeal as, in *Karagounis,* there was no discussion of the particular facts of the case other than that the appellant claimed he had not received notice of the trial setting resulting in a default judgment and that nothing in the record indicated that he had not received notice. *Id.* In this case, unlike in *Karagounis*, the record consists of substantial affirmative statements of the arbitrator in the Arbitration Documents including that irrefutably rebut the presumption of notice. CR 63 – 72; 1 SUPP CR 4 -11. This affirmative evidence overcome the otherwise heavy burden of Appellant to show the absence of notice. *Id.*

---

[4] Appellee's citation to *General Electric Co., v. Falcon Ridge Apartments,* 811 S.W.2d 942 (Tex. 1991), involving the predecessor writ of error procedure, states the general proposition that the absence from the trial record of affirmative proof that notice of intent to dismiss or of the order of dismissal is provided does not establish error. This case is factually distinguishable because, unlike the current appeal, it dealt with extrinsic evidence not in the record to prove notice.
Appellee's citation to *In re Cartwright,* a case that involved the inherent authority of the trial court to control timetables, is not dispositive on the issues raised by Appellant. Appellant has never asserted as error the trial judge's instructions to start the arbitration hearing no later than November 17, 2014. Rather, the Appellant complained that the arbitrator should have postponed the November 17 hearing and issuance of the award based on the arbitrator's actual or constructive knowledge of his lack of proper notice to Appellant and Appellant's absence at the hearing.

Appellee's citation to *Still v. Kilgore,* 2015 Tex. App. Lexis 2795 (Tex. App. – Tyler 2015, no pet.) is also distinguishable factually from the instant appeal because that appellant, unlike Appellant in this appeal, failed to affirmatively overcome the presumption of notice. The appellant in *Still* filed a notice of restricted appeal on the basis that he had not received notice of the trial setting and did not participate at the trial that resulted in a final judgment. Attempts to serve the appellant with citation at a Henderson Blvd address had been unsuccessful necessitating substituted service at 10746 CR 243. The appellant answered the lawsuit pro se, placing a P.O. Box address under his signature as his mailing address, but did not otherwise make allegations that the other two addresses were incorrect, hence nothing was in the record before the trial court about the other addresses. The appellee announced at trial that he had given notice of the trial setting to appellant: the judgment included a recitation that due notice had been given to appellant of the trial setting. The appellant's restricted appeal failed because he did not affirmatively show in the record that he had not received notice. *Id.* In other words, the appellant had failed to overcome the presumption of proper notice.

In this appeal, however, substantial affirmative evidence in the record overcomes any presumption of due notice. The arbitrator's very attempts to affirmatively establish notice prove the opposite. The arbitrator's occasional

14

recitations of due notice cannot be reconciled with the overwhelming affirmative evidence rebutting that "due notice".

In *Blanco v. Bolanos*, 20 S.W.3d 809, 811 (Tex. App. – El Paso, 2000, no pet.), the record showed that the request for a trial setting was filed with less than the required 45 day notice and, therefore, any purported evidence of telephone and facsimile notice of the October 1st trial setting on September 22 could not have been served 45 days before the trial setting, effectively rebutting the presumption of proper notice. The court explained its decision, as follows:

> "[I]t is presumed that the trial court will hear a case only when notice has been given to the parties. [] To overcome this presumption, an appellant must affirmatively show a lack of notice. [] This burden is not discharged by mere allegations, unsupported by affidavits or other competent evidence, that proper notice was not received. Here, even if we were to assume that a facsimile notice to her Hawaii attorney is sufficient to comply with *TEX.R.CIV.P. 21a,* the record affirmatively demonstrates that Blanco received less than the forty-five days mandated by Rule 45. [] Torres testified at the final hearing on October 1 that she provided notice to Smith by telephone and by facsimile on September 22. Additionally, the record reveals that Bolanos did not even file his setting request until September 16, a mere fifteen days prior to the final hearing. Because Blanco did not receive notice of the trial setting as required by Rule 245, we sustain this issue. We reverse the judgment and remand the case to the trial court for a new trial." *Id.* [Internal cites omitted.]

Based upon a review of the Arbitration Documents in this appeal, as discussed in the Appellant's Brief and hereinabove, Appellant has overcome the heavy burden of rebutting the presumption of notice and thus has shown error on the face of the record.

15

Respectfully submitted,

**TOUGH LAW FIRM, PLLC**

<u>    /s/ Bruce C. Tough                      </u>
**Bruce C. Tough**
btough@toughlawfirm.net email
State Bar No. 20151500
819 Crossbridge Drive
Spring, Texas 77373
(281) 681-0808 telephone
(281) 681-0809 telecopy
**Lead Counsel for Appellant**
**Human Biostar, Inc.**

## Certificate of Compliance

Based upon the word counting function of Windows, this Reply of Appellant, Human Biostar, Inc., contains 4,057 words excluding the portions of the brief excluded in Texas Rule of Appellate Procedure 9.4(i)(1).

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing document has been forwarded by e-filing and e-service to all lead counsel of record, on this 4th day of August, 2015, as follows:

Grant Cook
GREENBERG TRAURIG, LLP
1000 Louisiana, Ste. 1700
Houston, Texas 77002
(713) 374-3505 telecopier
cook@gtlaw.com email
*Co-Counsel for Appellee*
*Celltex Therapeutics Corporation*

Richard Tate
TATE MOERER & KING, LLP
206 South Second Street
Richmond, Texas 77469
(281) 341-1003 telecopier
rltate@tate-law.com email
*Co-Counsel for Appellee*
*Celltex Therapeutics Corporation*

Paula E. Hughes
18115 FM 756
Whitehouse, Texas 75791
(281) 281-0809 telecopier
pehughes11@yahoo.com email
*Counsel for Appellant RNL*
*Bio, Ltd. n/k/a K-Stemcell*
*Co. Ltd.*

    /s/ Bruce C. Tough
Bruce C. Tough

# Tex. Civ. Prac. & Rem. Code § 171.044

This document is current through the 2015 regular session, 84th Legislature, S.B. 45, S.B. 293 (ch. 2), S.B. 415(ch. 15), S.B. 459, S.B. 529 (ch. 37), S.B. 835 (ch. 6), S.B. 901 (ch. 54), S.B. 903 (ch. 3), S.B. 1749 (ch. 29), and S.B. 1985 (ch. 4).

**Texas Statutes & Codes Annotated by LexisNexis®  > Civil Practice and Remedies Code  > Title 7 Alternate Methods of Dispute Resolution  > Chapter 171 General Arbitration  > Subchapter C Arbitration**

## Sec. 171.044. Time and Place of Hearing; Notice.

(a)  Unless otherwise provided by the agreement to arbitrate, the arbitrators shall set a time and place for the hearing and notify each party.

(b)  The notice must be served not later than the fifth day before the hearing either personally or by registered or certified mail with return receipt requested. Appearance at the hearing waives the notice.

(c)  The court on application may direct the arbitrators to proceed promptly with the hearing and determination of the controversy.

## History

Enacted by Acts 1997, 75th Leg., ch. 165 (S.B. 898), § 5.01, effective September 1, 1997.

**Annotations**

## Notes

**LexisNexis ® Notes**

**STATUTORY NOTES**

**Editor's Notes.**

For information regarding the reorganization of former Chapter 171, see the editor's notes following Tex. Civ. Prac. & Rem. Code § 171.001.

## Case Notes

Civil Procedure: Alternative Dispute Resolution: Arbitrations: General Overview
Civil Procedure: Alternative Dispute Resolution: Judicial Review
Civil Procedure: Alternative Dispute Resolution: Validity of ADR Methods

**Case Notes**

**Civil Procedure: Alternative Dispute Resolution: Arbitrations: General Overview**

**Civil Procedure: Alternative Dispute Resolution: Judicial Review**

**Civil Procedure: Alternative Dispute Resolution: Validity of ADR Methods**

# Tex. Civ. Prac. & Rem. Code § 171.088

This document is current through the 2015 regular session, 84th Legislature, S.B. 45, S.B. 293 (ch. 2), S.B. 415(ch. 15), S.B. 459, S.B. 529 (ch. 37), S.B. 835 (ch. 6), S.B. 901 (ch. 54), S.B. 903 (ch. 3), S.B. 1749 (ch. 29), and S.B. 1985 (ch. 4).

**Texas Statutes & Codes Annotated by LexisNexis®  > Civil Practice and Remedies Code > Title 7 Alternate Methods of Dispute Resolution  > Chapter 171 General Arbitration > Subchapter D Court Proceedings**

## Sec. 171.088. Vacating Award.

(a)  On application of a party, the court shall vacate an award if:

   (1)  the award was obtained by corruption, fraud, or other undue means;

   (2)  the rights of a party were prejudiced by:

      (A)  evident partiality by an arbitrator appointed as a neutral arbitrator;

      (B)  corruption in an arbitrator; or

      (C)  misconduct or wilful misbehavior of an arbitrator;

   (3)  the arbitrators:

      (A)  exceeded their powers;

      (B)  refused to postpone the hearing after a showing of sufficient cause for the postponement;

      (C)  refused to hear evidence material to the controversy; or

      (D)  conducted the hearing, contrary to Section 171.043, 171.044, 171.045, 171.046, or 171.047, in a manner that substantially prejudiced the rights of a party; or

   (4)  there was no agreement to arbitrate, the issue was not adversely determined in a proceeding under Subchapter B, and the party did not participate in the arbitration hearing without raising the objection.

(b)  A party must make an application under this section not later than the 90th day after the date of delivery of a copy of the award to the applicant. A party must make an application under Subsection (a)(1) not later than the 90th day after the date the grounds for the application are known or should have been known.

(c)  If the application to vacate is denied and a motion to modify or correct the award is not pending, the court shall confirm the award.

## History

Enacted by Acts 1997, 75th Leg., ch. 165 (S.B. 898), § 5.01, effective September 1, 1997.

# Tex. R. Civ. P. 21a

**Texas Court Rules > STATE RULES > TEXAS RULES OF CIVIL PROCEDURE > PART II. RULES OF PRACTICE IN DISTRICT AND COUNTY COURTS > SECTION 1. General Rules**

## Rule 21a Methods of Service

(a) *Methods of Service.* --Every notice required by these rules, and every pleading, plea, motion, or other form of request required to be served under Rule 21, other than the citation to be served upon the filing of a cause of action and except as otherwise expressly provided in these rules, may be served by delivering a copy to the party to be served, or the party's duly authorized agent or attorney of record in the manner specified below:

   (1) *Documents Filed Electronically.* --A document filed electronically under Rule 21 must be served electronically through the electronic filing manager if the email address of the party or attorney to be served is on file with the electronic filing manager. If the email address of the party or attorney to be served is not on file with the electronic filing manager, the document may be served on that party or attorney under subparagraph (2).

   (2) *Documents Not Filed Electronically.* --A document not filed electronically may be served in person, by mail, by commercial delivery service, by fax, by email, or by such other manner as the court in its discretion may direct.

(b) *When Complete.*

   (1) Service by mail or commercial delivery service shall be complete upon deposit of the document, postpaid and properly addressed, in the mail or with a commercial delivery service.

   (2) Service by fax is complete on receipt. Service completed after 5:00 p.m. local time of the recipient shall be deemed served on the following day.

   (3) Electronic service is complete on transmission of the document to the serving party's electronic filing service provider. The electronic filing manager will send confirmation of service to the serving party.

(c) *Time for Action After Service.* --Whenever a party has the right or is required to do some act within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, three days shall be added to the prescribed period.

(d) *Who May Serve.* --Notice may be served by a party to the suit, an attorney of record, a sheriff or constable, or by any other person competent to testify.

(e) *Proof of Service.* --The party or attorney of record shall certify to the court compliance with this rule in writing over signature and on the filed instrument. A certificate by a party or an attorney of record, or the return of the officer, or the affidavit of any other person showing service of a notice shall be prima facie evidence of the fact of service. Nothing herein shall preclude any party from offering proof that the document was not received, or, if service was by mail, that the document was not received within three days from the date that it was deposited in the mail, and upon so finding, the court may extend the time for taking the action required of such party or grant such other relief as it deems just.

(f) *Procedures Cumulative.* --These provisions are cumulative of all other methods of service prescribed by these rules.

## History

Amended by Texas Supreme Court, Misc. Docket No. 13-9165, effective January 1, 2014.