

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-25-00403-CV

Jasreal **RUIZ** and Yajaira E. Ruiz,
Appellants

v.

**PERRY HOMES, LLC**,
Appellee

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2025CI01486
Honorable Tina Torres, Judge Presiding

PER CURIAM

Sitting:      Adrian A. Spears II, Justice
              H. Todd McCray, Justice
              Velia J. Meza, Justice

Delivered and Filed: November 26, 2025

DISMISSED FOR LACK OF JURISDICTION; PETITION FOR WRIT OF MANDAMUS DENIED

The clerk's record reflects that on June 24, 2025, Jasreal and Yajaira E. Ruiz filed a notice of interlocutory appeal, which stated their intent to appeal from the trial court's order compelling arbitration and staying all proceedings in the trial court pending arbitration. In their notice of appeal, the Ruizes stated that they were filing their notice of interlocutory appeal pursuant to section 171.098(a)(1).

Interlocutory orders may be appealed only if a specific statute authorizes such an interlocutory appeal. *See Rush Truck Ctrs. of Tex., L.P. v. Sayre*, 718 S.W.3d 233, 237 (Tex. 2025). Section 171.098(a)(1) authorizes an interlocutory appeal from an order *denying* a motion to compel arbitration. *See* TEX. CIV. PRAC. & REM. CODE § 171.098(a)(1) ("A party may appeal a judgment or decree entered under this chapter or an order: (1) denying an application to compel arbitration made under Section 171.021 . . . ."). It does not authorize an appeal from an order, like the one in this case, that grants a motion to compel arbitration. This court has no jurisdiction to entertain an interlocutory appeal from an order compelling arbitration under either the Texas Arbitration Act or the Federal Arbitration Act. *See Materials Evolution Dev. USA, Inc. v. Jablonowski*, 949 S.W.2d 31, 33 (Tex. App.—San Antonio 1997, no writ); *see also* 9 U.S.C. §§ 4, 16(b); TEX. CIV. PRAC. & REM. CODE § 51.016. Therefore, we ordered the Ruizes to show cause why this appeal should not be dismissed for lack of jurisdiction.

In response to our order, the Ruizes requested that we construe this interlocutory appeal as a petition for writ of mandamus and grant mandamus relief. *See CMH Homes v. Perez*, 340 S.W.3d 444, 454 (Tex. 2011) (holding that while court of appeals did not have jurisdiction to consider interlocutory appeal from an order appointing an arbitrator, the "appeal may properly be considered as a petition for writ of mandamus" upon request by party). After considering the response filed by the Ruizes, the appellate record, and the law, we conclude that the Ruizes are not entitled to the relief sought. *See* TEX. R. APP. P. 52.8(a).

Because an interlocutory order may be appealed only when authorized by statute and because there is no such authority for the appeal of an order compelling arbitration, we dismiss this interlocutory appeal for lack of jurisdiction. *See Materials Evolution*, 949 S.W.2d at 33. Further, in construing this appeal as a petition for writ of mandamus, we conclude the Ruizes are

not entitled to the relief sought and deny their petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM